NEVADA DESERT INN, Inc., a Nevada Corporation, Appellant, *v.* STANLEY BURKE, Respondent.

No. 4073

September 12, 1958.                    329 P.2d 636.

*Franklin & Wadsworth,* of Las Vegas; *H. Ward Dawson, Jr.,* of Puerto Rico, for Appellant.

*Edwin J. Dotson,* of Las Vegas, for Respondent.

## OPINION

*Per Curiam:*

This appeal from judgment, taken by the plaintiff below, asserts as error that the trial court held the cause of action barred by res judicata.

The Nevada Desert Inn, a corporation, seeks to recover from respondent Burke certain real property located in Clark County. This is the fourth occasion since 1946 on which resort to the courts has been had by this appellant in an effort to establish its rights to the property in question.

In 1947 an action (its second) was brought by the corporation against Burke in the Clark County district court. The complaint was verified by Lela Anderson as secretary of the corporation. The law firm of Morse and Graves of Las Vegas purported to act for the corporation. A dismissal with prejudice was filed in the action by Morse and Graves upon which a court order of dismissal with prejudice was entered.

In the instant case that order of dismissal was held to constitute res judicata of the corporation's right to proceed against Burke. The corporation now contends that the earlier action may not constitute res judicata for the reason that the corporation was not properly a party to that action. It asserts that Anderson was without authority to represent the corporation since she had been removed by action taken at a stockholders' meeting and that Morse and Graves were without authority to act as the corporation's attorneys.

These precise issues were litigated and determined adversely to the corporation in a suit brought in California to which the corporation and Burke were parties and which reached the supreme court of that state. Gagnon Co. v. Nevada Desert Inn, Inc., 45 Cal.2d 448, 289 P.2d 466. There the court upheld the determination of the California trial court to the effect that the corporation's attempt to remove Anderson as secretary was abortive and that the attorneys acted with authority; consequently that the dismissal with prejudice of the Nevada action constituted res judicata.

The corporation contends that these issues were not actually litigated and determined in the California action; that the California trial court refused to decide them and, in effect, relegated the corporation to the Nevada courts for determination of the issues. The opinion of the California Supreme Court refutes this contention. From that opinion it is clear that the trial court did resolve the issues adversely to the corporation and was held to be justified in its decision.

The precise issues having been litigated and determined they may not now be reasserted. Reno Club v. Harrah, 70 Nev. 125, 260 P.2d 304.

Affirmed.