ZALK–JOSEPHS COMPANY, Doing Business as TRIANGLE STEEL & SUPPLY CO., Appellant, v. WELLS CARGO, INC., and TRAVELERS INDEMNITY COMPANY, Respondents.

No. 4400

November 17, 1961                    366 P.2d 339

(Rehearing denied December 26, 1961.)

*Berkson & Phillips,* of Las Vegas, for Appellant.

*Goldwater & Singleton,* of Las Vegas for Respondents.

## OPINION

By the Court, BADT, C. J.:

The parties will be referred to by their abbreviated names. Appellant Zalk-Josephs sued Wells Cargo and Travelers by complaint containing three causes of action. The first cause of action is against Wells Cargo. It alleges that Wells Cargo was the general contractor on a certain Nevada state highway contract; that one Kaufield, as a subcontractor of Wells Cargo, ordered materials and services from appellant Zalk-Josephs of the value of $21,866.46 to be used on said state highway project; that Zalk-Josephs sold such materials and services to Kaufield of the reasonable value of said sum, no part of which has been paid; that such sum was paid to Wells Cargo by the state and was in turn paid by Wells Cargo to Kaufield, who converted all of the same to his own use and thereafter filed a petition in bankruptcy and that a general stay order of the bankruptcy court has prevented Zalk-Josephs from suing Kaufield. The meat of such first cause of action against Wells Cargo is the assertion that pursuant to the provisions of NRS 205.310 Kaufield was the agent of Wells Cargo and that the latter, as Kaufield's principal, is liable to Zalk-Josephs for the value of labor and materials.

Zalk-Josephs' second cause of action is directed against respondent Travelers alone. It realleges by reference all the allegations of the first cause of action and asserts further that Travelers was the surety on the bond furnished by Wells Cargo, under the terms of which Travelers was liable for the payment of the labor and material costs if Wells Cargo failed to pay therefor;

that on or about September 9, 1959 the state highway department accepted said highway project as completed, but that Zalk-Josephs had no knowledge of such acceptance; that it had the right within 30 days after September 9, 1959 to file a claim for the unpaid balance under such project by filing a claim with the state highway department but that it failed to file such notice and perfect its claim because (1) it had no actual notice of the acceptance, (2) believed that work was still in progress, (3) was informed on several occasions from September 9, 1959 through March 1960 by Wells Cargo and by Kaufield that work was still in progress, (4) neither Wells Cargo nor Kaufield informed Zalk-Josephs that the project had been accepted as completed and in fact misled Zalk-Josephs into letting its rights lapse, and because Kaufield, after September 9, continued to make partial payments on its account to Zalk-Josephs. The second cause of action finally alleged that it was by reason of such circumstances that Zalk-Josephs failed to file its notice within 30 days after September 9, 1959, and that by reason thereof Travelers owes Zalk-Josephs, under the provisions of the bond, the full sum of $21,866.46.

The third cause of action, like the first, is against Wells Cargo. It alleges the state contract with Wells Cargo as the general contractor, and recites that Zalk-Josephs' work was performed "without any express request from the defendant, Wells Cargo, Inc., or agreement between plaintiff and defendant, Wells Cargo, Inc., but that defendant, Wells Cargo, Inc., at all times, knew that the said work, labor and services were being performed and knew that plaintiff expected to be paid therefor, and accepted the said work and received the benefits thereof" and that the work was reasonably worth $21,866.46, no part of which has been paid.

Wells Cargo and Travelers severally moved for a dismissal upon the grounds that the complaint failed to state claims upon which relief could be granted. This appeal is from an order granting the motions to dismiss.

1.   The first assignment of error is a procedural one. Appellant asserts that it alleged that Kaufield, the subcontractor, was the agent of Wells Cargo, the principal contractor; that such allegation raised an issue of fact not subject to determination on a motion to dismiss. In support, it cites McColl v. Scherer, 73 Nev. 226, 315 P.2d 807, and Parman v. Petricciani, 70 Nev. 427, 272 P.2d 492. It is however clear from the allegations contained in the first cause of action that reliance upon such agency is made upon the provisions of NRS 205.310, reading as follows: "Contractor failing to pay for labor or material. Every person having entered into a contract to supply any labor or materials for the value or price of which any lien might lawfully be filed upon the property of another, who shall receive the full price or consideration thereof, or the amount of any account stated thereon, or part payment thereon, shall be deemed to receive the same as the agent of the party with whom such contract was made, his successor or assign, for the purpose of paying all claims for labor and materials supplied, insofar as the money so received will pay such claims."

This section is part of NRS, Chapter 205, entitled "Crimes Against Property," embracing secs. 205.010 to 205.460, inclusive. The particular section relied on, namely, sec. 205.310 is the last of three sections concerning embezzlement. Appellant's chief reliance upon sec. 205.310 is upon the clause that the person receiving money for the purpose of paying for materials or labor "shall be deemed to receive the same as the agent of the party with whom such contract was made." He asserts that, such agency having been defined by the statute, Kaufield's principal, Wells Cargo, was liable to Zalk-Josephs for the payment of the latter's bill for materials and labor. It is unnecessary to discuss this contention at length. Appellant misinterprets the purpose, meaning, and intent of the section quoted. This criminal statute

has patently no application to the situation described. It totally fails to create a liability, under the theory of agency, of Wells Cargo to Zalk-Josephs. There are other reasons why the statute does not apply but it is unnecessary to discuss them. The first cause of action was accordingly properly dismissed.

2. The second cause of action, as noted, is against Travelers on its bond, and claims that the circumstances above recited with reference to its second cause of action raised an equitable estoppel against the defense that Zalk-Josephs had failed to file a claim with the state highway department as required by statute. It relies upon its assertions that Wells Cargo and Kaufield had on various occasions stated that the project was not completed, that the work was still in progress and never informed appellant that the project had been accepted as completed by the highway department, and misled appellant into letting its rights lapse and that Kaufield continued to make partial payments on appellant's account. But no act, statement, omission, or representation of any kind by Travelers is alleged. The contention falls far short of establishing a liability on the surety even assuming the correctness of the assertions against Kaufield and Wells Cargo. The meat of the matter lies in the provisions of NRS 408.900 and 408.925 (set forth in full in the margin[1]), comprising two sections of the

---

[1]"408.900 Contractors' claims. 1. Any person who has furnished labor, materials, provisions, implements, machinery, means of transportation or supplies used or consumed by such contractor or his or its subcontractors in or about the performance of the work contracted to be done, and whose claim therefor has not been paid by such contractor or subcontractors, and who desires to be protected under the bond, shall file with the department a claim in triplicate within 30 days from the date of final acceptance of the contract as provided in NRS 408.925, and such claim shall be executed and verified before a notary public and contain a statement that the same has not been paid. One copy shall be filed in the office of the department and the remaining copies shall be forwarded to the contractor and surety.

"2. Any such person so filing a claim may at any time within 6 months thereafter commence an action against the surety or sureties on the bond for the recovery of the amount of the claim and the filing of such claim shall not constitute a claim against the department. Failure to commence such action upon the bond and the

"Highway and Roads Law" covered by NRS 408.010 to 408.999. It appears from the definite allegations of appellant's complaint that it did not file a claim with the department and it appears from the record that it did not commence the present action within six months after date of the department's final acceptance. Under the express terms of the statute such failure "bar[red] any right of action against such surety or sureties * * *." The second cause of action was properly dismissed.

3. The nature of the third cause of action, asserted against Wells Cargo, was stated at the beginning of this opinion. It is asserted as a common count, although it is specifically alleged by plaintiff "that said work, labor, and services were performed without any express request from the defendant, Wells Cargo, Inc., or agreement between the plaintiff and defendant, Wells Cargo, Inc. * * *" In appellant's brief and oral argument appellant supported this cause of action on the theory of unjust enrichment, and has cited a number of cases to support this contention. It is unnecessary to discuss these cases. Each case cited had to do with the performance of services under an invalid or unenforceable contract. Each one of such cases properly held that the value of such services could be recovered on a quantum meruit as a benefit to the person receiving them where the services were not gratuitously made and involved nothing wrongful in themselves or prohibited by statute.

---

sureties within 6 months after date of the department's final acceptance will bar any right of action against such surety or sureties and against the State of Nevada and the department."

"408.925 Contracts: Final payments; notice of final acceptance; publication.

"1. Before making final payment on any contract as provided in this chapter the engineer shall cause the publication of a notice of the date of final acceptance of the contract for a period of at least 2 weeks in every issue of a newspaper of general circulation in the county wherein the major portion of the contract work was performed, and such notice may also be published each day for a period of at least 10 days in one or more daily newspapers of general circulation throughout the state.

"2. No final settlement of the contract shall be made with the contractor until 30 days after the date of such final acceptance of the contract."

The third cause of action does not involve any dealings of any nature whatsoever between Zalk-Josephs and Wells Cargo. Nor was Wells Cargo unjustly enriched to any extent whatsoever by reason of the labor and services provided by Zalk-Josephs. Wells Cargo paid over to its subcontractor, Kaufield, the precise amount paid by the state for the services rendered by appellant to Kaufield.

4. Appellant contends that NRS 408.900 is a statute of limitations and that by reason of the provisions of NRCP Rule 8(c) the statute of limitations must be affirmatively pleaded as a defense. On the contrary, it is virtually unanimously held, under statutes such as ours, that the filing of notice or statement of claim against the contractor is a condition precedent to his right to sue on the contractor's bond. Anno. 96 A.L.R. 1185. As an example, it was held in Republic Iron & Steel Co. v. Patillo, 19 Cal.App. 316, 125 P. 923, 924, concerning the statutory requirement for filing of a verified statement of claim with the proper department within 30 days from the time the improvement was completed: "It was necessary, in order that a cause of action might be stated, for the plaintiff to allege this fact * * *."

5. Appellant concedes that no lien against the property of the state (that is against the completed highway) could result from the performance of his services to Kaufield. It insists however that the performance of such services constituted an equitable lien against the fund securing the payment for such services. Appellant cites a number of California cases to such effect. These cases involved an equitable garnishment served on public officials to withhold moneys payable under public contracts, which remedy was specifically provided by California statutes. We have no such situation here.

6. It is finally contended by appellant that NRS 408.925 providing for notice of final acceptance of the

contract as fixing the time within which claims must be filed with the highway department is unconstitutional because it is in violation of the due process clause of the federal constitution and section 8 of article 1 of the state constitution, because it does not provide for notice reasonably calculated to inform the interested parties. For support of this contention appellant relies on Mullane v. Central Hanover Bank & Trust Co., 339 U.S. 306, 70 S.Ct. 652, 94 L.Ed. 865, and Walker v. City of Hutchinson, 352 U.S. 112, 77 S.Ct. 200, 1 L.Ed.2d 178. We do not consider the cases in point. The former involved judicial proceedings involving the rights of persons interested as beneficiaries in sundry trust funds. The names and addresses of such persons were known to the bank seeking to settle the accounts. The court held published notice to be insufficient. In the latter case published notice was held inadequate as a prerequisite to judicial proceedings to fix compensation for condemnation of the property of the defendants. The court noted that there was no reason why personal notice to the owner could not be given where his name is known to the condemnor and is on the official records. The proceedings involved in state road contracts and payments made thereunder are not judicial proceedings, nor are the names of the individual persons furnishing labor and material known to the disbursing officers or parties. Appellant cites no case in which notice under similar statutes has been held to violate due process. In any event, it is our conclusion that no constitutional right to due process is involved. No property rights or rights of any kind possessed by appellant were taken from appellant by the statute in question. Appellant's right to look to the bond for payment of its claim for the labor and materials furnished by it to Kaufield was created by the very statute it attacks. The provisions of the statute and of the bond filed pursuant thereto fixed the manner, the times, and the conditions under which it could seek protection under the bond. Absent appellant's compliance with such statutory requirements, it has not placed itself in position to obtain relief thereunder. Appellant presents

further points. These have been considered but we find the same without merit.

The judgment of dismissal is affirmed.

McNAMEE and THOMPSON, JJ., concur.