ZALK–JOSEPHS COMPANY, a Minnesota Corpora-
tion, Doing Business as TRIANGLE STEEL &
SUPPLY CO., Qualified to Do Business in
Nevada, Appellant, *v.* WELLS CARGO, INC., a
Nevada Corporation, Respondent.

No. 4824

April 2, 1965                                    400 P.2d 621

*Lester H. Berkson* and *Jones, Wiener & Jones,* of
Las Vegas, for Appellant.

*Guild, Guild & Cunningham* and *David Warner
Hagen,* of Reno, for Respondent.

## OPINION

By the Court, BADT, J.:

This is an appeal from a summary judgment rendered in favor of respondent (defendant below). The ground and reason for the summary judgment were that in a former action between the same parties on the same cause of action a final judgment had been rendered against the plaintiff and was a bar to the present action. The lower court said: "The dismissal in the prior case operated as an adjudication on the merits, NRCP Rule 41(b)." The former case was Zalk-Josephs Company, doing business as Triangle Steel & Supply Co. v. Wells Cargo, Inc., and Travelers Indemnity Company. The judgment in the prior case was affirmed by this court in Zalk-Josephs Company v. Wells Cargo, Inc., 77 Nev. 441, 366 P.2d 339. In the opinion in that case this court analyzed the three causes of action relied upon by the plaintiff appellant. Reference is made to that opinion for the purposes of understanding such three causes of action. However, for the purpose of the application of the pleading and the facts to the rules hereinafter discussed with reference to the application of the plea of res judicata, we compare the pleadings of the first case to the present case. We do this by reason of the insistence of appellant that in the present case it is pleading a new and independent contract not pleaded in the first action.

In the first case the present plaintiff alleged in its complaint that Clifford L. Kaufield entered into a contract with respondent Wells Cargo, Inc., in 1958 to furnish material and labor for Nevada State Highway Project I–015–1(8)0, Contract No. 1041; that Kaufield ordered goods, services, and materials from the plaintiff for construction work on said contract No. 1041;

that the reasonable and agreed value thereof, less credits, was $21,866.46, which was unpaid, due, and owing for the goods and services supplied for said State Highway Project numbered as aforesaid; that Wells Cargo, Inc., was paid said sum pursuant to said contract by Nevada State Highway Department, said contract being again thus particularly identified; that Wells Cargo, Inc., paid said sum to Kaufield to be paid to plaintiff in discharge of the materials, labor, and goods supplied by plaintiff for use in said Nevada State Highway Project; that Kaufield failed and neglected to turn said sum over to plaintiff, but converted said sum to his own use; that NRS 205.310 created a relation of principal and agent between Wells Cargo and Kaufield; that Kaufield, in receiving said sums, was the agent of Wells Cargo; that, although demanded, Wells Cargo has paid no part of said sum; that Kaufield had filed a petition in bankruptcy.

Plaintiff's second cause of action in said first suit re-alleged all its said recitals with the references to the said state contract above recited, and further alleged that the then defendant Travelers Indemnity Company was the surety on Wells Cargo performance bond insuring payment of all labor and material claims. Travelers Indemnity Company is not a party to this, the second action.[1]

The second cause of action in the first suit further alleged that the Nevada State Highway Department accepted said project as completed, but that plaintiff had no knowledge thereof; that therefore plaintiff neglected to file a lien for the unpaid balance within the statutory 30-day period; that it had no notice of said acceptance; that it believed that work was still in progress; that it had been informed by Wells Cargo, Inc., and Kaufield that the project was not completed; that Wells Cargo, Inc., had thus misled plaintiff into

---

[1]In oral argument counsel for Zalk-Josephs, appellant, volunteered the fact that there was no need to sue the surety, as Wells Cargo was financially responsible and was within the state and nothing was to be gained by pursuing the surety at its foreign home office.

letting its lien rights lapse; that Kaufield had continued to make partial payments, leading plaintiff to believe that work was still in process; that by reason of said facts plaintiff had neglected to file its notice of lien.

In the third cause of action in the first suit plaintiff again alleged the subsistence of the state highway contract No. 1041 thus identified; that it had performed work, labor, and services thereunder without any express request from Wells Cargo, Inc., which knew however that the work, labor, and services were being performed, that plaintiff expected to be paid therefor, and accepted the same and received the benefits thereof; that the amount thereof was the sum of $21,866.46, no part of which had been paid, although demanded. Zalk-Josephs accordingly prayed for judgment in the said first action in said sum.

Appellant contends that its present complaint is upon an entirely different cause of action, to wit, the particular provision of the same and identical state contract reading as follows: "The contractor guarantees the payment of all just claims for materials, supplies and labor, and all other just claims against him or any subcontractor, in connection with this contract." This is pleaded verbatim in the second complaint and is followed by the following conclusion of law: "Said provision was expressly made by the parties for the benefit of third parties who furnished services and labor or supplied materials on said construction job, such as the Plaintiff herein." Further allegations in said asserted new and independent cause of action are in effect the same as pleaded in the first cause of action with the exception of crediting the sum of $1,905.25, a dividend out of the bankruptcy court.

Note that in the first suit appellant had alleged that Wells Cargo, Inc., was the principal, and Travelers Indemnity Company the surety on a contractor's bond to secure payment of labor and materials on said highway project. This allegation can refer to nothing but the same guaranty provision above quoted in the complaint in the second suit, which is said to be for the

benefit of third parties furnishing services and labor or supplies and materials "on said construction job."

As the pleadings may disclose the identity of causes of action to support a defense of res judicata, we think it clear that the plaintiff in the instant cause of action, or second suit, has pleaded the same cause of action as pleaded in the first suit. See authorities discussed infra.

Turning, then, to the facts to support the causes of action in the two suits, we find nothing new in the second action. The first action clearly indicated that the contract between Wells Cargo and the state was a material part of the evidence to be adduced. The complaint in the second action refers to the same contract but in effect says: "We are relying particularly upon a guaranty clause therein contained." This contention is less supportable than the old common-law pleadings under which plaintiff could not recover on a proof of simple trespass where his complaint had alleged trespass "vi et armis," or an implied contract where an express contract had been alleged, which we have long dispensed with, first by code pleading and more recently pleading under the rules of practice.

The facts, then, in both suits were (1) the state contract, which contained the guaranty clause, (2) the subcontract from Wells Cargo to Kaufield, (3) the furnishing of labor and materials by Zalk-Josephs to Kaufield, (4) the payment by Wells Cargo to Kaufield, and (5) the failure of Kaufield and of Wells Cargo to pay Zalk-Josephs. Those facts were common to the original complaint as well as to the second complaint.

But not only was there an identity of parties (which appellant concedes) and an identity of the relief sought (which appellant also concedes but contends is irrelevant), but likewise an identity of causes of action. These tests are ordinarily sufficient, but emphasis has sometimes been placed upon a third, which likewise is satisfied here. There was (1) the same right, namely, the right of Zalk-Josephs to be paid for its labor and materials furnished, (2) the same wrong or delict, the failure

of Wells Cargo to pay the same upon Kaufield's default, and (3) the same damage, the result of the failure of payment to Zalk-Josephs of the value of the labor and materials supplied.

Upon authority of this court's opinion in Tomiyasu v. Golden, filed by this court March 30, 1965 (No. 4819), 81 Nev. 140, 400 P.2d 415, and the cases therein cited, we are compelled to hold that the plea of res judicata was well taken, and that the action of the lower court supporting the same was proper.[2]

A further question has arisen which must be disposed of. The court below, in dismissing the action on the grounds of res judicata, said: "The dismissal in the prior case operated as an adjudication on the merits, NRCP Rule 41(b)." However, when we turn to the record in the former case, we find that the motion to dismiss made by Wells Cargo, Inc., recited: "This motion is based on the Complaint on file herein, the provisions of Rule 12(b) (5), [and] Nevada Rules of Civil Procedure * * *." The motion to dismiss in behalf of Travelers Indemnity Company was upon the same grounds. The order dismissing the case was made "on the Defendants' motions to dismiss each of the causes of action of Plaintiff's Complaint for failure to state a claim against the Defendants, and each of them, upon which relief can be granted * * *." The motion granted by the court below in the instant case was a motion for summary judgment supported by affidavit. The dismissal of the first case made no reference to Rule 41(b) which, by its terms, operates as an adjudication upon the merits.

Although appellant's specification of errors assigns five specific errors of the court in the dismissal of said case, it places no reliance upon any claim to the effect

---

[2]In addition to the Nevada cases cited in Tomiyasu v. Golden, supra, reference is made to the following res judicata cases of this court: Clark v. Clark, 80 Nev. 52, 389 P.2d 69 (1964); Kernan v. Kernan, 78 Nev. 93, 369 P.2d 451 (1962); Nevada Desert Inn v. Burke, 74 Nev. 280, 329 P.2d 636 (1958); Kassabian v. Jones, 73 Nev. 274, 317 P.2d 572 (1957); City of Reno v. Fields, 69 Nev. 300, 250 P.2d 140 (1952); Wolford v. Wolford, 65 Nev. 710, 200 P.2d 988 (1948); Miller v. Miller, 54 Nev. 44, 3 P.2d 1069 (1931); Vickers v. Vickers, 45 Nev. 274, 199 P. 76 (1921).

that a dismissal under Rule 12 (b) is not a dismissal on the merits. Nor did it assign such ground in the oral argument.

The court must frankly concede that it had been under the impression that a dismissal under Rule 12 (b) was not a dismissal on the merits, and so indicated during the course of the oral argument. However, respondent has cited to us 1A Barron & Holtzoff § 356, at 358, in which the authors say: "The dismissal of an action for failure to state a claim upon which relief can be granted can result in a judgment on the merits, though usually it will lead only to amendment of the complaint." That such dismissal, if sustained without leave to plead further (as was done in the present case), results in a judgment on the merits is cited in Note 88 to the text under authority of Mullen v. Fitz Simons & Connell, 7 Cir., 172 F.2d 601, certiorari denied, 337 U.S. 959, 69 S.Ct. 1534, 93 L.Ed 1758. The statement in that case is that a complaint should not be dismissed for insufficiency, for failure to state a cause of action, unless it appears to a certainty that plaintiff is entitled to no relief under any set of facts which could be proved in support of the claim. This, *for the reason,* that the motion to dismiss for failure to state a claim raises matter in bar and, if sustained without leave to plead further, results in a judgment on the merits. Id. 603. For authority it cites 2 Moore's Federal Practice, 2d Ed., ¶ 12.09, at 2257. The citation supports the language used. The text in Moore supports the rule as cited, but the following further explanation is given:

"On the other hand defenses numbered (1)–(5) and defense numbered (7) of Rule 12 (b) do not raise matters in bar. Since under Rule 56 on summary judgment only matters on the merits can be raised and if a judgment is rendered thereunder it is one in bar, it was proper to integrate defense numbered (6), failure to state a claim, with Rule 56, and not integrate the other defenses specified in Rule 12 (b) with the summary judgment rule."

In Rhodes v. Meyer, D.C., 225 F.Supp. 80, the court said, citing many authorities:

"For a judgment or decree entered on a general demurrer (where such a pleading is tolerable), or on a motion to dismiss (within the practice of this court) for failure to state a claim on which relief can be granted against the moving defendant, is no less effective as *res judicata* in respect of issues resolved by it than a judgment or decree rendered after final trial and on proof."

In Sardo v. McGrath, 196 F.2d 20, Judge Bazelon uses the same language:

" 'The motion to dismiss for failure to state a claim raises matter in bar and, if sustained without leave to proceed further, results in a judgment on the merits.' "

This situation occupied the Supreme Court of Montana in Rambur v. Diehl Lumber Company, 394 P.2d 745 (Mont. 1964), where the court discussed the relationship of dismissals under Rule 12(b), Rule 41(b), and concludes:

"The complaint will be sustained if the facts are pleaded sufficiently. However, if the facts and pleadings demonstrate that in no event and under no set of facts could the complainant have a claim for relief then the motion to dismiss will be granted and judgment thereon *will have a tendency* to operate as res judicata." (Emphasis added.)

In the appeal from the judgment in the first case, the appellant did not assign as error an abuse of discretion on the part of the court in not granting leave to amend. Further, the appellant did not thereafter seek from the court leave to amend its complaint. As we have seen, it set up in its first complaint three separate causes of action, each seeking the same relief but under a different theory. We can only conclude that the appellant said in effect, "I have stated all the facts that would entitle me to recovery under any theory."

In view of the authorities above cited by respondent and in view of the fact that the order of dismissal in the first case was made "with prejudice as to the Defendants, and each of them," and particularly because appellant in the instant suit has attempted to set up a

cause of action which we have held identical with the causes of action pleaded in its first suit, we hold such first dismissal to be a determination on the merits, just as we should be inclined to characterize this affirmance of the dismissal in the second suit if appellant should file still a third action claiming, for example, as an entirely new and independent action, that Wells Cargo in receiving payment by the state had, under the terms of the same state contract, received them as a trustee for the benefit of appellant. There must be some end to the litigation, and appellant may not proceed to advance one theory after another, as a right to recover a judgment against defendant, labeling each new theory as an independent and new cause of action.

The order appealed from is affirmed.

THOMPSON, J., concurring:

When this case was here before (Zalk-Josephs v. Wells Cargo, 77 Nev. 441, 366 P.2d 339), we affirmed a Rule 12(b) (5)[1] dismissal which had been entered without leave to amend. The record on appeal in that case did not show that Zalk-Josephs had requested leave to amend its complaint, nor did Zalk-Josephs contend on appeal that the lower court had abused its discretion in dismissing that case with prejudice. The present theory for relief was available to it then, but not offered. We are not told why Zalk-Josephs did not ask for leave to amend to plead the claim which it now asserts; why, on appeal in the former case, it did not assign as error the lower court's action in dismissing the case with prejudice. We must assume that Zalk-Josephs elected to allow the entry of a judgment of dismissal on the complaint as it stood. In these circumstances it is appropriate to protect Wells Cargo against a second law suit arising from the same transaction. Therefore, I am willing to treat the first case as though it were an

---

[1]NRCP 12(b) (5) reads: "Every defense, in law or fact, to a claim for relief in any pleading, whether a claim, counterclaim, cross-claim, or third-party claim, shall be asserted in the responsive pleading thereto if one is required, except that the following defenses may at the option of the pleader be made by motion: * * * (5) failure to state a claim upon which relief can be granted."

adjudication on the merits, notwithstanding the fact that it did not proceed to a point where proof was tendered. Cf. Dubin v. Harrell, 79 Nev. 467, 386 P.2d 729, concerning a 41(e) dismissal for want of prosecution. Some federal cases under similar circumstances have done so. Brooks v. Arkansas-Louisiana Pipe Line Co., 8 Cir., 77 F.2d 965; Vinson v. Graham, 10 Cir., 44 F.2d 772; Northern Pac. Ry. Co. v. Slaght, 205 U.S. 122. See also Restatement, Judgments § 50; Divide Creek Irr. Dist. v. Hollingsworth, 10 Cir., 72 F.2d 859. Our ruling in today's case should not be confused with the effect of a Rule 12(b)(5) dismissal when "matters outside the pleading are presented to the court," and the motion is treated as one for summary judgment. In that situation it is clear that the judgment is, in fact, an adjudication on the merits. 2 Moore's Federal Practice, 2 ed., § 12.09, p. 2257; Sardo v. McGrath, 196 F.2d 20; Rhodes v. Meyer, 225 F.Supp. 80; Cf. Rambur v. Diehl Lumber Co., 394 P.2d 745 (Mont. 1964).

CRAVEN, D. J., concurring:

I concur in the conclusion and order. However, I am constrained to note that I cannot make my concurrence dependent upon that part of the majority opinion at p. 5 which reads as follows:

"Upon authority of this court's opinion in Tomiyasu v. Golden, filed by this court March 30, 1965 (No. 4819), 81, Nev. 140, 400 P.2d 415, *and the cases therein cited,* we are compelled to hold that the plea of res judicata was well taken, and that the action of the lower court supporting the same was proper." (Emphasis supplied)

I have read and am familiar with the majority and dissenting opinions in the above mentioned Tomiyasu case. There are sharp conflicts between the two opinions as to the nature of the record in that case. I have not read and am not familiar with that record. I could not, with propriety, undertake to evaluate either opinion unless I had undertaken to make a complete and independent evaluation of the record in that case.

Therefore, my concurrence in the instant matter is based upon the record here and upon the cases cited in

the majority here and *the cases cited* in the Tomiyasu case.

McNamee, C. J., being unable to act by reason of his hospitalization, the Governor commissioned Honorable Thomas O. Craven, Judge of the Second Judicial District, to sit in his place.