136 Nev., Advance Opinion 89

IN THE SUPREME COURT OF THE STATE OF NEVADA

ERIC THOMAS MESI,
Appellant,
vs.
VANESSA MARIE MESI, A/K/A
VANESSA MARIE REYNOLDS,
Respondent.

No. 79137

**FILED**

DEC 31 2020

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
CHIEF DEPUTY CLERK

Appeal from a district court order dismissing a divorce action on comity grounds. Eighth Judicial District Court, Clark County; Rhonda Kay Forsberg, Judge.

*Reversed and remanded with instructions.*

Bailey Kennedy and Stephanie J. Glantz and Dennis L. Kennedy, Las Vegas,
for Appellant.

Wolf, Rifkin, Shapiro, Schulman & Rabkin, LLP, and A. Jill Guingcangco, Las Vegas,
for Respondent.

BEFORE GIBBONS, STIGLICH and SILVER, JJ.

OPINION

By the Court, STIGLICH, J.:

This case arises from a contested divorce action, in which both spouses sought to litigate in their respective "home court." The wife filed first in California, and the husband filed second in Nevada. The husband

argued before both courts that California lacked jurisdiction. The Nevada district court judge personally called the California superior court judge, discussed the case with the California judge, verified in the call that the California case was filed first, and dismissed the Nevada case. Neither party was present or represented during the call. The husband appealed.

We hold that the district court erred by dismissing the case immediately after the phone call without providing the parties an opportunity to respond. Further, under the first-to-file rule, the district court should have stayed the action, not dismissed it. Absent special circumstances, the first-to-file rule requires deference to the first court's jurisdiction, but deference does not always mean dismissal. The second court can also defer by staying the action, which better serves the rule's goal of efficiency when a party disputes the first court's jurisdiction. Accordingly, we reverse the order of dismissal and remand this matter to the district court with instructions to enter a stay.

## BACKGROUND

Eric and Vanessa Mesi married in Nevada in 2005. While married, the couple spent time in both Nevada and California, sometimes together and sometimes apart. In late 2018, they moved together from California to Las Vegas. But Vanessa did not stay long: one month later, she returned to California without Eric. In January 2019, Vanessa filed for divorce in the California Superior Court in San Jose. Two months later, Eric filed for divorce in Las Vegas. Both parties proceeded pro se in the trial courts.

Eric moved to dismiss the California suit for lack of jurisdiction. He argued that Vanessa's California residency was broken up by the month she spent in Nevada and that she therefore failed to satisfy California's six-

month residency requirement for divorce. Cal. Fam. Code § 2320(a) (West 2020). The California court has not ruled on this motion.

Vanessa moved to dismiss the Nevada suit under the first-to-file rule. She provided the case number and filing date of her California suit. The Nevada district court promptly notified Eric that it intended to "set up a conference call with the California court to properly address this matter." Eric opposed Vanessa's motion to dismiss. Although his opposition contained substantial irrelevant material, it clearly argued that the California court lacked jurisdiction and that the case should therefore proceed in Nevada.

The Nevada district court held a phone conference with the California court. Neither Eric nor Vanessa was present. The California court confirmed that Vanessa indeed had a suit pending in California and that she had filed it in January. The California court also noted that Eric had objected to the California court's jurisdiction. On the phone, the Nevada court decided that the first-to-file rule applied and that it would defer jurisdiction to California by dismissing the case.

Immediately after the phone conference, the district court dismissed the action. Eric appealed.

## DISCUSSION

### Procedural due process

We first consider Eric's contention that the district court deprived him of due process by holding an ex parte conversation with the California superior court judge and by dismissing the action immediately thereafter. A deprivation of due process is of constitutional dimension, and "[t]his court applies a de novo standard of review to constitutional challenges." *Callie v. Bowling*, 123 Nev. 181, 183, 160 P.3d 878, 879 (2007).

"Due process is satisfied where interested parties are given an 'opportunity to be heard at a meaningful time and in a meaningful manner.'" *J.D. Constr., Inc. v. IBEX Int'l Grp., LLC*, 126 Nev. 366, 377, 240 P.3d 1033, 1041 (2010) (quoting *Mathews v. Eldridge*, 424 U.S. 319, 333 (1976)). When a district court rules on a dispositive motion, the district court must therefore provide a meaningful opportunity to be heard. Ordinarily, this takes the form of a live hearing, but in some cases the parties may be "afforded sufficient opportunity to present their case through affidavits and supporting documents." *See id.* at 378, 240 P.3d at 1041; *cf. Catzin v. Thank You & Good Luck Corp.*, 899 F.3d 77, 83 (2d Cir. 2018) ("Hearing from the parties either in person *or on the papers* is typically an essential component of the inquiry into whether to decline to exercise . . . jurisdiction . . . ." (emphasis added)).

Vanessa's motion to dismiss included a signed declaration stating that she had filed a petition for divorce in California in January.[1] This was competent evidence. *See* NRS 53.045. Eric opposed the motion and did not demand a live hearing. Eric was fully notified that the court was considering dismissing his suit. Accordingly, if the district court had simply considered the record and held that the undisputed evidence showed that Vanessa filed first, it might have satisfied due process, as both parties had an opportunity to be heard "on the papers." *See Catzin*, 899 F.3d at 83.[2]

---

[1]After the district court issued its minute order dismissing the case, Vanessa supplemented her evidence with a duplicate (not a certified copy) of the California complaint.

[2]This case does not present us with the opportunity to determine exactly when a live hearing is required.

But the district court did *not* rely solely on the evidence before it. Instead, the court contacted the California judge outside the parties' presence and made a decision based on that judge's word. In doing so, the district court conducted its own investigation and rested its decision on matters beyond the record. This was improper.[3] *See City of Reno v. Harris*, 111 Nev. 672, 678, 895 P.2d 663, 667 (1995) ("A court's consideration of matters outside the record, obtained by independent investigation, generally constitutes error."), *modified on other grounds by Cty. of Clark v. Doumani*, 114 Nev. 46, 53 n.2, 952 P.2d 13, 17 n.2 (1998). And because the district court relied on the telephone call in resolving the dispute, it deprived Eric of an opportunity to be heard "at a meaningful time and in a meaningful manner" and thereby violated his right to due process. *See J.D. Constr.*, 126 Nev. at 377, 240 P.3d at 1041 (internal quotation marks omitted); *Sw. Gas Corp. v. Pub. Serv. Comm'n of Nev.*, 92 Nev. 48, 59-60, 546 P.2d 219, 226 (1976) (observing that consideration of matters outside the record is inconsistent with the requirement of providing notice and an opportunity to be heard).

Nevertheless, it is not immediately obvious that this error requires reversal. "[T]he court must disregard all errors and defects that do not affect any party's substantial rights." NRCP 61. An error affects substantial rights if "but for the alleged error, a different result might reasonably have been reached." *Wyeth v. Rowatt*, 126 Nev. 446, 465, 244

---

[3]We note that the district court's written order referred to the telephone call as a "UCCJEA Conference," but this was erroneous. Although the Uniform Child Custody Jurisdiction and Enforcement Act (UCCJEA) expressly authorizes courts to communicate with each other regarding certain child custody determinations, *see* NRS 125A.275, Eric and Vanessa have no children together.

P.3d 765, 778 (2010). Vanessa argues that the due process violation is necessarily harmless because the first-to-file rule required dismissal, no matter how the court learned of the first-filed suit. This court has not had the opportunity to address the first-to-file rule in a published opinion, but the rule has arisen with some frequency in our unpublished orders.[4] Accordingly, we take this opportunity to review the rule and its purposes.

*Overview of the first-to-file rule*

The first-to-file rule is a "generally recognized doctrine of federal comity which permits a district court to decline jurisdiction over an action when a complaint involving the same parties and issues has already been filed in another district." *Pacesetter Sys., Inc. v. Medtronic, Inc.*, 678 F.2d 93, 94-95 (9th Cir. 1982). Although the doctrine was originally developed in federal court, state courts have applied it as well. *E.g.*, *Wamsley v. Nodak Mut. Ins. Co.*, 178 P.3d 102, 110 (Mont. 2008). The rule is grounded in principles of efficiency and "[w]ise judicial administration." *Pacesetter*, 678 F.2d at 95 (quoting *Kerotest Mfg. Co. v. C-O-Two Fire Equip. Co.*, 342 U.S. 180, 183 (1952) (alteration in original)). Courts have consistently emphasized that the rule is equitable in nature, that it must not be applied mechanically, and that "an ample degree of discretion . . . must be left to the lower courts." *Id.* (quoting *Kerotest*, 342 U.S. at 183-84).

The Ninth Circuit set forth a three-step test for the rule in *Alltrade, Inc. v. Uniweld Products, Inc.*, 946 F.2d 622 (9th Cir. 1991), which

---

[4]*See Tonopah Solar Energy, LLC v. Fifth Judicial Dist. Court*, Docket No. 78256 (Order Denying in Part and Granting in Part Petition for Writ of Prohibition or Mandamus, May 29, 2020); *Galindo-Milan v. Hammer*, Docket No. 74068 (Order of Affirmance, Apr. 12, 2019); *Anders v. Anders*, Docket No. 71266-COA (Order of Affirmance, Dec. 14, 2017).

we now adopt. First, does the rule apply in the first instance? *See Alltrade*, 946 F.2d at 625-27. If so, is there some equitable reason not to apply the rule? *See id.* at 627-28. Finally, if the rule applies, should the second-filed suit be dismissed or merely stayed? *See id.* at 628-29.

*Application of the first-to-file rule*

In order for the rule to apply in the first instance, the parties and issues in the two suits must be substantially the same, even if not strictly identical. *Kohn Law Grp., Inc. v. Auto Parts Mfg. Miss., Inc.*, 787 F.3d 1237, 1240 (9th Cir. 2015). The court should also consider the suits' "chronology." *See Alltrade*, 946 F.2d at 625. Where there are two suits between the same two parties over the same subject matter, ordinarily, the second court should defer to the first. Certainly, the first-to-file rule applied here, as there was no doubt that Eric's and Vanessa's suits were between the same parties and over the same subject matter, and that Vanessa was the first to file her action.

We next consider whether "equitable concerns militate against application of the rule." *See Alltrade*, 946 F.2d at 627-28. The first suit should have priority unless "special circumstances" weigh in favor of the second suit. *William Gluckin & Co. v. Int'l Playtex Corp.*, 407 F.2d 177, 178 (2d Cir. 1969). We emphasize that the district court should not embroil itself in a mini-trial regarding the propriety of the two forums. For example, if a party believes that the first court is deeply inconvenient, such that the doctrine of forum non conveniens applies, that "argument should be addressed to the court in the first-filed action." *Pacesetter*, 678 F.2d at 96.

Although federal courts have identified "anticipatory suit[s]" and "forum shopping" as reasons not to defer to the first-filed suit, *see Alltrade*, 946 F.2d at 628, we think those concerns too should be addressed to the first court. After all, "[g]enerally, a plaintiff's choice of forum is

entitled to great deference." *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 131 Nev. 296, 301, 350 P.3d 392, 396 (2015). If the first court was indeed chosen solely as an egregious act of forum shopping, then the first court should ordinarily be trusted to dismiss the action. *Cf. Kerotest*, 342 U.S. at 185 (rejecting an attitude of distrust in the discretion of the court). Conversely, if the first court declines to dismiss the action, then the parties should litigate there. Here, we conclude that Eric's claim that California lacked jurisdiction did not amount to "special circumstances" justifying an exception, as he was bound to address that argument to the California court.

Accordingly, under the first two steps of the *Alltrade* analysis, we conclude that the first-to-file rule did apply in this case. Even absent the constitutional error, no "different result might reasonably have been reached." *See Wyeth*, 126 Nev. at 465, 244 P.3d at 778. Therefore, that error was harmless.

Nevertheless, under *Alltrade*'s third step, we hold that the district court abused its discretion by dismissing the suit. *See Pacesetter*, 678 F.2d at 95 (stating that a district court's application of the first-to-file rule is reviewed for an abuse of discretion). "[W]here the first-filed action presents a likelihood of dismissal, the second-filed suit should be stayed, rather than dismissed." *Alltrade*, 946 F.2d at 629. This rule applies when a motion to dismiss is pending in the first-filed action. *See id.*

This is consistent with the rule's purpose of promoting judicial efficiency. *See id.* at 625. Although efficiency is normally "best served when motions to stay proceedings are discouraged," *see Aspen Fin. Servs., Inc. v. Eighth Judicial Dist. Court*, 128 Nev. 635, 649, 289 P.3d 201, 210 (2012) (internal quotation marks omitted), the situation is different when a court has already decided to defer jurisdiction and is only choosing whether to

stay or dismiss. *Cf. id.* at 649 n.5, 289 P.3d at 210 n.5 (noting that "courts occasionally find a stay will in fact promote judicial efficiency"). If the first-filed suit is dismissed, the second court's stay can be lifted and the action can proceed without the need for a wasteful new filing.[5] *See Alltrade*, 946 F.2d at 629. Conversely, if the first court determines that it does have jurisdiction, the second action can be dismissed without difficulty. *See id.*

Here, the district court ought to have deferred to California by staying Eric's suit, not by dismissing it. The district court was aware that Eric had moved to dismiss the California case on the grounds that Vanessa failed to satisfy California's residency requirement. Given the confused state of the facts, Eric's argument was not obviously frivolous. We emphasize that the district court was not required to decide whether Eric's argument was ultimately meritorious. Though it may turn out that California has jurisdiction and the Nevada action will have to be dismissed, the question of the first court's jurisdiction "should be addressed to the court in the first-filed action." *See Pacesetter*, 678 F.2d at 96. The factual and legal questions regarding Vanessa's residency must be *decided* in California. Their *existence*, however, ought to have "counsel[ed] against outright dismissal" of the Nevada action. *See Alltrade*, 946 F.2d at 629.

### CONCLUSION

We hold that, generally, a district court may not independently investigate facts in a pending matter by communicating ex parte with

---

[5]Staying the action may also prevent inequitable results if a statute of limitations applies. *See Alltrade*, 946 F.2d at 629 ("Granted, the statute of limitations problems may not be serious . . . . But why take chances? It is simpler just to stay the second suit." (alteration in original) (quoting *Asset Allocation & Mgmt. Co. v. W. Emp'rs Ins. Co.*, 892 F.2d 566, 571 (7th Cir. 1989))).

SUPREME COURT
OF
NEVADA

(O) 1947A

9

another court without giving the parties an opportunity to respond. We further hold that, where the same action is filed in two courts and a party contests the first court's jurisdiction, the second court should ordinarily stay the action, to permit the first court to decide the issue of its own jurisdiction. A stay gives appropriate deference to the first court, while ensuring a more efficient transition back to the second court should the first court turn out to lack jurisdiction. District courts have equitable authority to treat unusual cases differently, but no special circumstances are present here.

Accordingly, we reverse the district court's order of dismissal and remand with instructions to enter a stay. Either party may move to lift the stay and to either proceed with or dismiss the action, as appropriate, based on subsequent decisions of the California court.[6]

_____, J.
Stiglich

We concur:

_____, J.
Gibbons

_____, J.
Silver

-----

[6]The parties both represented at oral argument that the California court has not yet issued any judgment that would make this case moot.