IN THE SUPREME COURT OF THE STATE OF NEVADA

JERRY GUNDERSON,
Appellant,
vs.
THE IRREVOCABLE TRUST OF
WILLIAM P. WEIDNER, A NEVADA
TRUST; THE KIMBERLY
GUNDERSON TRUST, A NEVADA
TRUST; SERIES K, WEIDNER
HOLDINGS, LLC, A NEVADA SERIES
LIMITED LIABILITY COMPANY;
KIMBERLY FAYE GUNDERSON, AN
INDIVIDUAL; LYNN HACKERMAN
WEIDNER, INDIVIDUALLY AND AS
TRUSTEE OF THE KIMBERLY
GUNDERSON TRUST; SUZANNE
LOWDEN, INDIVIDUALLY AND AS
TRUSTEE OF THE KIMBERLY
GUNDERSON TRUST; AND WILLIAM
P. WEIDNER, AN INDIVIDUAL,
Respondents.

No. 81788

FILED

DEC 01 2021

ELIZABETH A. BROWN
CLERK OF SUPREME COURT
BY_____
DEPUTY CLERK

*ORDER OF AFFIRMANCE*

This is an appeal from orders dismissing appellant Jerry Gunderson's complaint, denying Jerry's motion to dismiss certain counterclaims, and granting injunctive and declaratory relief on them. Eighth Judicial District Court, Clark County; Timothy C. Williams, Judge. The claims and counterclaims all stem from Jerry and respondent Kimberly Gunderson's transfer of title to a parcel of Montana real property (the Beaver Creek Property), during their marriage, to respondent Series K, Weidner Holdings, LLC. Jerry claims that he agreed to the transfer because Kimberly and/or her father, respondent William P. Weidner, advised Jerry that the transfer would not affect his rights in the Beaver Creek Property.

21-34285

But respondent Kimberly Gunderson Trust (the Kimberly trust)—a spendthrift trust that Weidner established for Kimberly's benefit—wholly owned Series K, and was itself a subtrust of another spendthrift trust, respondent Irrevocable Trust of William P. Weidner (the Weidner trust). And both the Kimberly and Weidner trusts contained terms expressly excluding spouses and ex-spouses from laying any claim on trust property.

Several months after the transfer of the Beaver Creek Property, Kimberly filed for divorce against Jerry in Montana district court (the divorce action), and Series K served Jerry with a 30-day notice to vacate. Jerry refused and instead filed a *lis pendens* against the property. Series K then sued Jerry for unlawful detainer, quiet title, and slander of title in a separate Montana district court action (the quiet title action). Jerry filed a motion to stay the quiet title action pending the results of the divorce action, which the Montana district court granted. Jerry then sued the Weidner and Kimberly trusts and their respective trustees, respondents Suzanne Lowden and Lynne Hackerman Weidner, along with Series K (collectively, the trust defendants), and William and Kimberly (collectively, with Lynne and Lowden in their individual capacities, the individual defendants) in Nevada district court.

In addition to claiming fraudulent inducement solely as against William and Kimberly, Jerry's Nevada district court complaint raised myriad other claims against both the individual and trust defendants: civil RICO, civil conspiracy, unjust enrichment, and conversion. But at the core of even these claims is William and Kimberly's alleged

SUPREME COURT
OF
NEVADA

(O) 1947A

2

fraudulent inducement of the Beaver Creek Property transfer.[1] *See Nautilus Ins. Co. v. Access Med., LLC*, 137 Nev. Adv. Op. 10, 482 P.3d 683, 688 (2021) (noting that unjust enrichment requires that "the plaintiff confer[ ] a benefit on the defendant, the defendant appreciates such benefit, and there is acceptance and retention by the defendant of such benefit *under such circumstances that it would be inequitable* for him to retain the benefit without payment of the value thereof"); *Consol. Generator-Nevada, Inc. v. Cummins Engine Co., Inc.*, 114 Nev. 1304, 1311, 971 P.2d 1251, 1256 (1998) (holding that an actionable civil conspiracy "consists of a combination of two or more persons who, by some concerted action, intend to accomplish an *unlawful objective* for the purpose of harming another, and damage results from the act or acts"); *Cummings v. Charter Hosp. of Las Vegas, Inc.*, 111 Nev. 639, 645, 896 P.2d 1137, 1141 (1995) (noting that a claim for civil RICO must allege that the defendant committed two or more *predicate acts* related to criminal racketeering); *Wantz v. Redfield*, 74 Nev. 196, 198, 326 P.2d 413, 414 (1958) (holding that conversion requires that the defendant *wrongfully exerted* a distinct act of dominion over the plaintiff's personal property) (emphases added). Accordingly, while Jerry challenges the district court's dismissal with prejudice of these latter claims—only as against the trust defendants—arguing that the district court should have granted him leave to amend them, amendment would have been futile unless his fraudulent inducement claims against William and Kimberly had teeth.

---

[1]In the district court, Jerry suggested other conduct by the defendants was wrongful but has narrowed his focus on appeal. *See Powell v. Liberty Mut. Fire Ins. Co.*, 127 Nev. 156, 161 n.3, 252 P.3d 668, 672 n.3 (2011) (holding that issues not raised in an opening brief are waived).

The district court dismissed Jerry's fraudulent inducement claim against William and Kimberly without prejudice and with leave to amend, but Jerry stood on his existing allegations, presumably because he had no additional facts to plead. Then, Jerry and the individual defendants stipulated to convert the district court's initial dismissal without prejudice of the fraudulent inducement claim to one with prejudice; but rather than raising the sufficiency of the facts he did plead on appeal, *see Bergenfield v. BAC Home Loans Servicing*, 131 Nev. 683, 685-86, 354 P.3d 1282, 1284 (2015) (noting that a party may "choose[ ] to stand on its complaint" by requesting dismissal with prejudice and raising sufficiency of the pleading on appeal), Jerry concedes that they did not present a viable allegation of fraud in the transfer of the property in the first place. *See Powell*, 127 Nev. at 161 n.3, 252 P.3d at 672 n.3.[2] And given this concession, no amendment could have cured the additional claims to the extent that they derived from the same core conduct. *Steckman v. Hart Brewing, Inc.*, 143 F.3d 1293, 1298 (9th Cir.1998) (noting that a proposed amended complaint is subject to dismissal with prejudice when the proposed amendment is futile or when the amended complaint would be immediately subject to dismissal itself.); *see also Zalk-Josephs Co. v. Wells Cargo, Inc.*, 81 Nev. 163, 171, 400 P.2d 621, 625 (1965) (upholding a dismissal with prejudice on the pleadings because "[t]here must be some end to the litigation, and appellant may not proceed to advance one theory after another, as a right to recover a judgment against defendant, labeling each new theory as an independent and new cause of action."). Nor were there viable amendments available based on the facts that remained before the district court—the terms of the

---

[2]Jerry does not appeal the dismissal with prejudice of any of the claims as against the individual defendants.

trust documents themselves expressly negate any claim by Jerry that he had a legitimate interest in the Beaver Creek Property that would otherwise render Series K's retention of it wrongful for the purposes of civil RICO, civil conspiracy, unjust enrichment, or conversion. *See In re City Center Constr. & Lien Master Litig.*, 129 Nev. 669, 676 n.3, 310 P.3d 574, 579 n.3 (2013) (allowing a court to consider outside documents in a motion to dismiss if the pleadings reference them and the parties do not question their contents). Accordingly, the district court's dismissal with prejudice as to the trust defendants was not in error. *See Kamelgard v. Macura*, 585 F.3d 334, 339 (7th Cir. 2009) (noting that "a dismissal for failure to state a claim is a dismissal on the merits, unless the dismissal order states otherwise; and a dismissal on the merits is normally with prejudice").

Jerry also seeks reversal of the district court's denial of his motion to dismiss Series K's counterclaims, which sought declaratory relief that Series K owned the property and injunctive relief requiring Jerry's release of the *lis pendens*, and which relief the district court granted.[3] First, Jerry argues that the doctrines of prior-exclusive-jurisdiction, comity, and/or *forum non conveniens* should apply to bar Nevada's jurisdiction in favor of Montana's. But Jerry chose Nevada as a forum, while the Montana quiet title action was stayed in favor of the divorce action. *See Mesi v. Mesi*, 136 Nev., Adv. Op. 89, 478 P.3d 366, 370 (2020) (noting that special

---

[3]Jerry suggests that the release of the *lis pendens* violated a temporary restraining order that prevented the parties from "selling, encumbering, contracting to sell, or otherwise disposing of or removing from the jurisdiction of the [Montana divorce] Court" any marital property. [1 JA 180] But, as established, Jerry has no interest in the Beaver Creek Property and release of a *lis pendens* does not fall within any of these categories of prohibited actions in any case.

deference is given to a plaintiff's choice of forum in deciding whether to apply principles of comity); *Provincial Gov't of Marinduque v. Placer Dome, Inc.*, 131 Nev. 296, 300–01, 350 P.3d 392, 396 (2015) (noting that a plaintiff's choice of forum is entitled to great deference in *forum non conveniens* analysis). Further, the district court handling the divorce action ruled in deference to and accordance with the Nevada district court's findings discussed above, based in part on its assessment that the Nevada district court had greater experience with the laws governing Nevada spendthrift trusts. *Marinduque*, 131 Nev. at 300–01, 350 P.3d at 396 (weighing both private and public interest factors); *Chapman v. Deutsche Bank Nat. Tr. Co.*, 651 F.3d 1039, 1043 (9th Cir. 2011), *certified question answered sub nom. Chapman v. Deutsche Bank Nat'l Tr. Co.*, 129 Nev. 314, 302 P.3d 1103 (2013) (stating that prior-exclusive-jurisdiction applies where there is actual conflicting jurisdiction between two courts).

And Jerry's second point—that the counterclaims were not properly filed because they were included in a document that Series K filed and titled as an "answer" but which was not one in substance because Series K had joined the other respondents' then-pending motion to dismiss—is likewise unavailing. Even beyond its title, the document addressed the merits of Jerry's case by expressly declining to respond to his specific allegations and laying out Series K's affirmative defenses. *See Answer*, Black's Law Dictionary (11th ed. 2019) (defining an answer as "[a] defendant's first pleading that addresses the merits of the case"), *and compare with Smith v. Eighth Judicial Dist. Court*, 113 Nev. 1343, 1345, 950 P.2d 281, 282 (1997) (dismissing as deficient a paper filed as a "cross-claim" where it was filed prior to and entirely separate from the answer to the complaint. Finally, to the extent Jerry objects on appeal to the district

SUPREME COURT
OF
NEVADA

(O) 1947A

6

court's denial of his motion to dismiss the second counterclaim, for slander of title, his objection fails, given the stipulation dismissing all counterclaims with prejudice except for the first.

Accordingly we,

ORDER the judgment of the district court AFFIRMED.

_____, J.
Cadish

_____, J.
Pickering

_____, J.
Herndon

cc:   Hon. Timothy C. Williams, District Judge
      Eleissa C. Lavelle, Settlement Judge
      Kaplan Cottner
      Foley & Oakes, PC
      Lex Nova Law
      Hayes Wakayama
      Santoro Whitmire
      Eighth District Court Clerk