## S. L. LEONARD v. THE AMERICAN STEEL AND WIRE COMPANY.

No. 14,470.     (84 Pac. 553.)

### SYLLABUS BY THE COURT:

FOREIGN CORPORATION—*Not Authorized to do Business—Pleading.* The defense that a foreign corporation has not been granted authority to carry on business within the state is not raised by a general denial, but must be specially pleaded.

Error from Finney district court; WILLIAM EASTON HUTCHISON, judge. Opinion filed February 10, 1906. Affirmed.

*G. L. Miller,* for plaintiff in error.

*W. R. Hopkins,* for defendant in error.

The opinion of the court was delivered by

PORTER, J.: The American Steel and Wire Company recovered judgment against S. L. Leonard upon three promissory notes. The plaintiff's petition averred that it was a corporation duly incorporated under the laws of the state of New Jersey, and that it was lawfully doing business in the state of Kansas. The answer, which was unverified, consisted of a general denial. Plaintiff's motion for judgment on the pleadings was granted. Afterward, on the 25th day of April, 1904, and at the same term of court at which the judgment was rendered, defendant filed a motion to set aside and vacate the judgment upon the grounds: (1) That the district court of Finney county was without jurisdiction of the parties and the subject-matter, because the American Steel and Wire Company, a foreign corporation, was without authority of law to transact or do business within the state of Kansas under the provisions of article 3 of chapter 23, General Statutes of 1901; (2) because the answer put in issue the fact that the corporation had been granted authority to do business within the state; and (3) because defendant had been misled by the allegation of the petition to the effect that the corporation had been granted authority and was legally doing business within the state, when in fact no such authority had been granted or applied for by the corporation. The court denied the motion to vacate the judgment, and defendant brings the case here for review.

The only question to be determined is whether the answer raised an issue as to the authority of the corporation to carry on business within the state. In the case of *Northrup v. Wills*, 65 Kan. 769, 70 Pac. 879, the petition alleged that plaintiff was "a corporation duly chartered, organized and existing under and by virtue of the laws of the state of Texas," and was silent with respect to any authority to do business in

Kansas. It was held that a demurrer to the petition was properly overruled, and further that, for the reason that the statements filed and acts performed by a corporation necessary to entitle it lawfully to engage in business are made and kept of record in a public office, the burden of proving that the requisites have not been complied with rests upon the party asserting the negative. In *Jordan v. Telegraph Co.*, 69 Kan. 140, 143, 76 Pac. 397, it was said:

"The petition discloses that the plaintiff was a foreign corporation, but does not disclose that it had not complied with the requirements of the chapter cited. This was defensive matter, and to be availed of should have been pleaded."

By pleading a general denial defendant admitted plaintiff's capacity to maintain the action. The rule is that if the want of capacity to sue appear upon the face of the petition a demurrer will lie; otherwise, the defect must be specially pleaded or it is waived. (1 Encyc. Pl. & Pr. 10; Code, § 91; Gen. Stat. 1901, § 4525.) The judgment is affirmed.

All the Justices concurring.