Morgan, J.
Appeal from a decree in favor of the plaintiff, and setting aside a tax deed, in an action under the code to quiet title to one-half of a quarter-section of vacant and unoccupied land.
The contention is that, as the plaintiff introduced a deed of trust (the grantor in which, it was stipulated, was the patentee), and the trustee’s deed following the same, as proof of title, it was necessary for him to prove that the trustee, The Nebraska Loan & Trust Company, was a corporation, that it was authorized to hold and convey the title, as trustee, and, also, that it had complied with the laws of this state necessary to enable it to do so. The trustee’s deed, in addition to the suggestive name of the trustee, and the corporate seal, contained a statement that, “The Nebraska Loan & Trust Company has caused this instrument to be subscribed by its second vice-president, and its corporate seal to be attached,” and the acknowledgment stated that before the notary-“came The Nebraska Loan & Trust Company by W. F. Buchanan, second vice-president, personally known to me to be the identical person and officer who executed the foregoing deed, and he acknowledged the execution of the same to be his voluntary act and deed and the voluntary act and deed of said corporation.” This was sufficiént prima facie proof, in an action to quiet title, to require the defendant, whose plea was title in himself, to prove it. The authorities relied upon by appellant are upon actions in ejectment, or trespass and damages. The de *72 fendant introduced a tax deed, void on its face, to sustain his title, which was excluded, but afterwards admitted as color of title.
An examination of some of the authorities as to the order and the nature of the proof in actions to quiet title under the code will determine that plaintiff’s proof was sufficient.
Pomeroy, in his work on Code Remedies, says:
“In this position the possessor of the land, without waiting for any proceedings, legal or equitable, to be instituted against him, may take the initiative, and, by commencing an equitable action, may compel his adversaries to come into court, assert their title, and have the controversy put to rest in a single judgment. It is plain, therefore, that this statutory suit is the converse of the legal action of ejectment.” — Pomeroy’s Code Remedies (4th Ed.), §266.
It necessarily follows that it is the defendant, in this case, and not the plaintiff, who must stand or fall upon his own title. In Wall v. Magnes, 17 Colo., 476, 480, 30 Pac., 56, 58, the court, quoting from 129 U. S., 291, 9 S. C. Rep., 293, 32 L. Ed., 688, said:
“An allegation that the defendant claims an adverse estate or interest is sufficient, without further defining it, to put him to a disclaimer or to allegation and proof of the estate or interest which he claims.”
In the case of Lambert v. Shumway, 36 Colo., 350, 85 Pac., 89, in an action to quiet title, wherein the defendant, in the second defense, pleaded a tax deed, the court said:
“The second defense failing, the denial of plaintiff’s possession in the first defense is not sufficient to put plaintiff upon proof touching the same.”
In the case of Empire Co. v. Bender, 49 Colo., 522, 113 Pac., 494, in an action to quiet title, wherein the defendant pleaded a tax deed, and the land was vacant and *73 unoccupied, the court found the tax deed void on its face, and the court said:
“The moment defendant’s adverse title failed, as it did when it offered in support of it a tax deed void on its face, it had no further interest in the cause, and could raise no other issue. * * * It is only because of his adverse interest that a defendant is permitted to question a plaintiff’s rights at all.”
In the case of Foster v. Clark, 21 Colo. App., 192, 121 Pac., 130, in an action to quiet title, wherein defendant pleaded four void'tax deeds, this court said:
“Appellant’s claim of title, as we have seen, was based upon tax deeds, which, if they had been valid,would have vested in him a title paramount and adverse to the title claimed by appellees and their privies. Hence, the validity or invalidity of the trust deeds would have been a matter of no importance, had his tax deeds been valid. ’ ’
In the case of Inman v. White, 21 Colo. App., 427, 122 Pac., 65, in an action to quiet title, wherein the defendant claimed under a tax deed and a judgment, and objected to plaintiff’s proof of title, this court said:
“This could have in no way availed the defendant, for he had no claim upon which title to himself could have been based, and therefore no interest in the regularity or validity of the foreclosure proceedings under which plaintiff claimed. The judgment of foreclosure, the sale, and the subsequent deed, are prima facie valid and regular; therefore the defendant has no such interest as justifies the court in questioning the regularity of such proceedings.” — Craft v. Merrill, 14 N. Y., 456; Webster v. Kautz, 22 Colo. App., 111, 123 Pac., 140; Empire Co. v. Lanning, 53 Colo., 151, 124 Pac., 579.
It may be deduced from the foregoing authorities, that in the code action to quiet title, if the defendant has denied the allegations of the complaint, and pleaded an *74 adverse title, valid on its face, .the plaintiff, to sustain the issues, must produce sufficient proof, only, to show possession,' or in case of vacant and unoccupied' land, a title sufficient on the face thereof to show constructive possession; thereafter the burden is upon the defendant to prove, title as in ejectment, or in the code action for possession and damages, and, failing to prove a valid title, judgment would follow for the plaintiff, as defendant would be in no position to attack the proof.
Furthermore, the reference to,"the trustee as a corporation in the trustee’s deed and acknowledgment, the corporate seal thereupon, together with the rulings in the following cases that non-compliance with our statute is a matter of defense where the foreign corporation sues in our courts, discloses, quite clearly, that plaintiff’s proof was sufficient. — Holmes v. Bank, 23 Colo., 210, 47 Pac., 289; Ill. S. M. Co. v. Harrison, 43 Colo., 362, 96 Pac., 177; Herman Bros. Co. v. Nasiacas, 46 Colo., 208, 103 Pac., 301.
All other assignments of error have been resolved against the appellant by former decisions of this court and of the supreme court, upon identical conditions.
The judgment is therefore affirmed.

Affirmed,