[No. 2126]

## A. L. SCOTT, RESPONDENT, *v.* DAY–BRISTOL CONSOLIDATED MINING COMPANY (A CORPORATION), APPELLANT.

[142 Pac. 625]

1. CONSTITUTIONAL LAW—DUE PROCESS OF LAW—ACTIONS—RIGHT TO DEFEND.

   The legislature is without power to take from an owner or claimant of property the right to defend an action by which it is sought to obtain a decree adjudging defendant to be without title to or right to the property so claimed.

2. ESTOPPEL—GROUNDS—JUDICIAL PROCEEDINGS.

   Rev. Laws, sec. 1350, provides that every foreign corporation having failed to comply with the preceding sections prescribing conditions on which it might do business within the state shall not be allowed to commence or defend any action in any court in the state until it shall have fully complied with the act. *Held* that, where plaintiff instituted suit against a foreign corporation which had not so complied, seeking a decree depriving defendant of title to a mining claim which it claimed to own within the state, plaintiff was estopped to deny defendant's right to make a defense and have the answer of defendant stricken and judgment rendered by default.

APPEAL from the Fourth Judicial District Court, Lincoln County; *E. J. L. Taber*, Judge.

Action by A. L. Scott against the Day-Bristol Mining Company. Judgment for plaintiff, and defendant appeals. **Reversed and remanded.**

*McNamee & McNamee*, for Appellant.

*Chas. Lee Horsey* and *William E. Orr*, for Respondent.

By the Court, NORCROSS, J.:

Respondent brought an action in the Fourth judicial district court in and for the county of Lincoln against appellant to quiet title to a certain mining claim in the Bristol mining district, Lincoln County, known as the "Twenty-Eight-Thirty Lode," and to perpetually enjoin appellant from asserting any claim or title whatever in or to said property adverse to the respondent or in any manner interfering with respondent's possession thereof.

The complaint alleges that the defendant, appellant

herein, is a corporation duly organized and existing under and by virtue of the laws of the State of Maine; that the plaintiff, respondent herein, on the 9th day of August, 1911, made a valid relocation of a certain claim in the Bristol mining district, county of Lincoln, which was then open for relocation, designating it as the "Twenty-Eight-Thirty Lode," and thereafter performed the necessary acts to perfect a valid relocation of a mining claim; that said claim was theretofore known as the "Inman Lode," and as such was owned and claimed by the defendant corporation; that the assessment work attempted to be performed for said Inman lode for the year 1911 by said defendant corporation was actually performed on a patented claim owned by a third party, and was so performed outside the boundaries of said Inman lode, and that said work had no direct tendency or any tendency whatsoever to benefit or develop said Inman lode of said defendant corporation, either directly or at all; that said defendant corporation claims and asserts an interest in and to the mining ground embraced within said "Twenty-Eight-Thirty Lode," adverse to plaintiff; that said claim thereto is without right, and said defendant corporation has no estate, right, title, claim, or interest whatever in said property or any part thereof.

The complaint was filed June 13, 1913, and on the same day summons was duly issued thereon. On the 17th day of June following the sheriff of Lincoln County made due return of service of said summons as made on the 14th day of June, 1913, by delivering to George E. Bent, general manager of the defendant corporation, personally, in the county of Lincoln, a true copy of said summons attached to a copy of the complaint in said action. On the 21st day of June following the defendant corporation appeared in the action by its attorneys, F. R. McNamee and Leo A. McNamee, by filing a demurrer to the complaint. Thereafter, on the 20th day of January, 1914, as appears from the minutes of the court of that day, the case came on regularly for disposing of the demurrer.

Counsel for the plaintiff interposed a motion to strike the said demurrer from the files upon the ground that the defendant corporation did, after the adoption of the act of the legislature, March 20, 1907 (Rev. Laws, secs. 1348–1350), and before filing the said demurrer, enter this state for the purpose of doing business herein, and at the time of filing said demurrer, and for a long time prior thereto, was engaged in doing business in this state; that said corporation, before commencing or doing any business in this state, did not file in the office of the secretary of state of the State of Nevada a certified copy of its articles of incorporation or other instrument of authority by which it was created, and had not filed in the office of the county clerk of the county of Lincoln, the county where its principal place of business is located, and had not in any respect complied with the provisions of said act. Counsel for the defendant corporation admitted the grounds upon which the motion was based to be true in fact. The motion was taken under advisement, and thereafter, on the 28th day of January, 1914, the court, in pursuance of the motion, ordered the demurrer stricken from the files. Thereafter, and on the same day, on request of counsel for the plaintiff, the default of the defendant for failure to appear and answer plaintiff's complaint within the time allowed for answering was entered by the clerk. Thereafter, and on the 30th day of January, 1914, the court heard evidence upon the part of the plaintiff and entered a decree, reciting the default of the defendant, in accordance with the prayer of the complaint. From the judgment the defendant has appealed.

In the reply brief of counsel for the appellant the statement is made that a few days prior to filing such brief the defendant corporation filed a copy of its articles of incorporation with the secretary of state and paid to that officer the statutory fee of one thousand dollars upon its capitalization of $10,000,000. The statement in the brief as to the recent qualification of the defendant to transact business in this state is not controverted.

No question has been raised in the briefs as to the right of defendant to be heard in this court upon the appeal, nor is any question raised as to whether the legal questions discussed are properly presented in the record. We shall therefore dispose of the main question of law presented for determination upon the assumption that it is properly before us for consideration.

The question discussed in the briefs is a very important one, and we find little, if any, direct authority to aid us in its determination. The legislature of 1907 passed an act entitled: "An act to require foreign corporations to qualify before carrying on business in this state, regulating and prescribing the manner thereof, and other matters pertaining thereto, repealing all other acts in conflict therewith."

Section 1 provides: "Every corporation organized under the laws of another state, * * * which shall hereafter enter this state for the purpose of doing business therein, must, before commencing or doing any business in this state, file in the office of the secretary of state of the State of Nevada a certified copy of said articles of incorporation * * * or other instrument of authority by which it was created, and a certified copy thereof, duly certified by the secretary of state, * * * in the office of the county clerk of the county where its principal place of business in this state is located."

Section 2 of the act prescribes the same fees to be paid as required in the case of domestic corporations.

Section 3 provides: "Every such corporation which shall fail or neglect to comply with the provisions of this act * * * shall not be allowed to commence, maintain, or defend any action or proceeding in any court of this state, until it shall have fully complied with the provisions of this act. * * *" (Rev. Laws, secs. 1348–1350.)

As a general proposition, subject possibly to some exceptions in cases of corporations engaged in interstate commerce, it may be conceded that a state, through its

legislature, may prescribe conditions upon which it will admit foreign corporations to come into it and transact business. Statutes imposing penalties upon such corporations for transacting business within a state or denying them the right to institute or maintain actions in the courts of the state until they have complied with the law have usually been sustained. In enforcing such statutes, however, the courts have been careful not to limit the rights of such corporations beyond the plain import of the language used in the statute. (*American Tel. Co.* v. *Superior Court,* 153 Cal. 533, 96 Pac. 15.)

The statutes of many of the states contain provisions denying such delinquent corporations the right to maintain actions in the courts until there has been a compliance with the law, and there are numerous decisions supporting such provisions of the statute. A very few states, as our state has done, have denied to such corporations the right of defense to an action.

It is contended by counsel for appellant that a provision of a statute denying to a defendant, even though it be a delinquent foreign corporation, the right of defense is a denial to a citizen of another state of due process of law, and of the equal protection of the law, and hence that such a provision is unconstitutional.

We think it unnecessary to consider this constitutional question in order to determine this case. We think the court ought not to have entertained the motion to strike, for the reason that when the plaintiff sued the defendant in its corporate capacity, sought and obtained the process of the court to compel it to appear and answer, which it did in pursuance of such process, the plaintiff waived the right to question its capacity to defend.

[1] We hold, without entering into an extended discussion of the question, that it is elementary that the legislature is without power to take from an owner or claimant of property the right to defend an action where it is sought, as in this case, to obtain a decree adjudging defendant to be without title to or right in property

claimed by it as owner. See *McVeigh* v. *U. S.,* 11 Wall. 259, 20 L. Ed. 80; *Henry* v. *Carson,* 96 Ind. 423.

[2] It may be, in the case of a delinquent foreign corporation owning or claiming to own property, that a plaintiff, seeking a judgment affecting the right in or title to such property, may allege in the complaint the incapacity of such corporation to defend, and bring the action against persons deemed to hold the property as trustees or against a receiver appointed for the purpose of the action. To permit a plaintiff, however, to sue a corporation, bring it into court under process commanding it to answer, then to permit such plaintiff to strike the answer and take judgment by default, cannot be tolerated, especially in a case where the plaintiff is invoking the equitable powers of a court to quiet an alleged title to property. To seek equitable relief in a court and then question the right of the other party to be heard, does not comport with the principles of equity.

It has been held in cases brought by foreign corporations, which had not complied with statutory provisions and were, for that reason, incapacitated from maintaining an action, that the defendant in the action must plead the incapacity of the plaintiff to sue, and that defendant could not, after the case had gone to trial, raise the question for the first time, but would be deemed to have waived the same. (*Bernheim Co.* v. *Elmore,* 12 Cal. App. 85, 106 Pac. 720; *Cal. S. & L. Soc.* v. *Harris,* 111 Cal. 133, 43 Pac. 525; *Leonard* v. *Am. S. & W. Co.,* 73 Kan. 79, 84 Pac. 553, 9 Ann. Cas. 491; *White S. M. Co.* v. *Peterson,* 23 Okl. 361, 100 Pac. 513; *Lougee* v. *Wilson,* 24 Colo. App. 70, 131 Pac. 777; 19 Cyc. 1321.) See, also, *Rowe* v. *Stevens,* 25 Idaho, 237, 137 Pac. 159.

We think it a proper rule to apply in this case that, the plaintiff having sued the defendant as a corporation, praying for a judgment against it *eo nomine,* he is deemed to have waived any question of its capacity to defend, and that such waiver continues as long as the plaintiff seeks such judgment directly against such a party defendant.

It follows that the court below erred in striking the demurrer.

The order striking the demurrer and the judgment are reversed, and the cause remanded.