WALLACE R. MILUM AND FRANCES F. MILUM, APPELLANTS, v . HERZ BROTHERS WATER WELL DRILLING AND SUPPLY COMPANY, RESPONDENT.

No. 4064

October 1, 1958.                    329 P.2d 1068.

*Lohse and Fry,* of Reno, for Appellants.

*Maurice J. Sullivan,* of Reno, for Respondent.

## OPINION

By the Court, BADT, C. J.:

In this appeal by the Milums from a judgment in favor of the defendant well drilling company, the appellants assert as error the orders of the trial court (1) entering a judgment for defendant contrary to the facts and law, (2) denying the motion of plaintiffs for summary judg-

ment, and (3) denying appellants' motion for new trial. We have found no merit in any of these assignments and conclude that the judgment must be affirmed.

The Milums entered into an oral contract with the well drilling company whereunder the latter was to drill a well on plaintiffs' property on the Sun Valley Road in Washoe County for a compensation of $6.50 per linear foot. On completion of the well, at a depth of 226 feet, appellants paid the drilling company $1,324.67. Water was produced for about a day, following which only a trickle was produced. Efforts to clean the well, first by the drilling company and then by others employed for the purpose, were unsuccessful. Plaintiffs' action was for the recovery of the money paid on the ground that defendant had failed to complete the well in accordance with the verbal contract. The Milums had later caused a new well to be drilled ten feet from the site of the old well, which new well produced a satisfactory flow.

(1) The trial court found: "That defendant did drill a well for the plaintiffs and discovered water; that there is not sufficient evidence to prove negligence on the part of defendant or that defendant did not complete its job in a workmanlike manner." In its decision the court pointed out the conflicts in the evidence with reference to the workmanlike nature of the job, the propriety of perforating the pipe for some 30 feet against the contention that it should have been perforated for only three to six feet, the nature of the pump used, the custom of well drillers in cleaning out a well and other items, and noted: "On every material point there was a sharp conflict in the testimony," and held that the plaintiffs had not proved their case by a preponderance of the evidence. The court's comments on the conflicts in the evidence are supported by the record. In such a situation this court will not disturb the finding.

(2) The plaintiffs' motion for summary judgment was based upon NRS 624.230 declaring it unlawful to engage in the business or act in the capacity of a con-

tractor without a license, and upon NRS 624.320 providing that no person so engaged "shall bring or maintain any action in the courts of this state for the collection of compensation for the performance of any act or contract for which a license is required by this chapter without alleging and proving" that he was a duly licensed contractor. Appellants sought in the district court, and seek here, a construction of the statute to the effect that such unlicensed contractor may neither commence *nor defend* an action. Such construction would do violence to the plain meaning of the act.

(3) The motion for new trial was based upon the alleged discovery of "evidence material to the plaintiffs which could not with reasonable diligence have been discovered and produced at the trial." The supporting affidavits were from persons who had participated in later work on, and examination of, the well drilled by defendant, as proof that the drilling had not been done in a workmanlike manner. The court held that the motion and supporting papers failed to set forth any facts or circumstances that would legally excuse the plaintiffs from producing the evidence set forth. This was a valid reason for denying the motion.

We find no error in the points assigned. Affirmed with costs.

EATHER and MERRILL, JJ., concur.