**BRAMBLE TRANSPORTATION, INC., a corporation incorporated under the laws of the State of Delaware, Plaintiff Below, Appellant,**

v.

**SAM SENTER SALES, INC., a corporation incorporated under the laws of a State other than Delaware, and Walter E. Heller and Company of Florida, a corporation of the State of Delaware, Defendant and Intervenor Below, Appellees.**

Supreme Court of Delaware.

May 24, 1972.

has no merit. Sales' entire interest was assigned to Heller, so that Sales had no legal interest to be attached.

Affirmed.

---

John J. Schmittinger, of Schmittinger & Rodriguez, Dover, for plaintiff below, appellant.

N. Maxson Terry, Jr., of Terry & Terry, Dover, for intervenor, appellee.

CAREY and HERRMANN, Justices, and MARVEL, Vice-Chancellor, sitting.

PER CURIAM.

This appellant, Bramble Transportation, Inc. (Bramble), plaintiff below, asks us to reverse a judgment of the Superior Court in favor of Sam Senter Sales, Inc. (Sales) and Walter E. Heller and Company of Florida (Heller), defendant and intervenor below. The opinion of the Superior Court is reported in Del.Super., 294 A.2d 97.

The facts are fully stated in the lower Court's opinion and need not be repeated here. We concur with the rulings made by the learned Judge below. We agree that the requirements of the Uniform Commercial Code § 9–402 were met by Heller's filing in Florida, and that Heller, through the series of assignments, held a perfected security interest in the Draper account as of the date of those assignments, which was prior to the attempted attachment by Bramble.

Appellant's argument that the attachment should remain effective notwithstanding Heller's perfected security interest