WALKER BANK & TRUST CO., APPELLANT, *v.* CARROLL SMITH, DBA SMITH CONSTRUCTION COMPANY, AND CONTINENTAL KITCHENS, INC., RESPONDENTS.

No. 6570

October 4, 1972                    501 P.2d 639

*Foley Brothers,* of Las Vegas, for Appellant.

*Jeffrey Shaner,* of Las Vegas, for respondent Smith.

*Harry J. Mangrum, Jr.,* of Las Vegas, for respondent Continental Kitchens.

504

## OPINION

By the Court, THOMPSON, J.:

The district court denied the third party claim of Walker Bank to money in possession of North American Escrow against which attachments had been levied by Smith Construction and Continental Kitchens ancillary to actions brought by them against Lady Fair Kitchens, Inc. Walker Bank contends that the decision is erroneous since it failed to verify the Bank's preference to the money by reason of a perfected security interest therein.

Walker Bank and Lady Fair are Utah corporations. In June 1968, they entered into an inventory and accounts receivable financing arrangement, executed a formal security agreement and, on July 1, 1968, Walker Bank filed a financing statement with the Secretary of State of Utah. The security agreement and financing statement gave Walker Bank "coverage" over "accounts receivable now existing or hereafter arising as a result of debtor's operations wherever located, including without limitation, accounts arising in debtor's manufacturing business, and the rights and interests of debtor in goods, the sale and delivery which gave rise to an account."

Lady Fair was engaged in the business of manufacturing and installing kitchen cabinets, and agreed to supply and install such cabinets for a building project of Panda Development Co. in Clark County, Nevada. Lady Fair did not qualify to do business as a foreign corporation in Nevada, nor did it obtain a contractor's license in this State.

In August 1969, a fire destroyed Lady Fair's Utah manufacturing plant. Consequently, it arranged to purchase kitchen cabinets from Continental Kitchens in Washington for installation on the Clark County project. Smith Construction was

engaged to install the cabinets and did so. Walker Bank knew of these arrangements. The records of Lady Fair's accounts were kept at its main business office in Utah.

North American Escrow handled the construction control account for the Clark County building project of Panda Development Co. The third party claimant, Walker Bank, contended below and now contends, that the money in possession of North American Escrow and attached by Smith Construction and Continental Kitchens represented the proceeds of the sales of inventory and the payment of Lady Fair's accounts receivable, concerning which it had perfected a security interest in the manner designated by the Uniform Commercial Code. The district court rejected that contention. It found that the installed kitchen cabinets were fixtures and that the money in possession of North American Escrow represented the proceeds of fixtures concerning which Walker Bank had not perfected a security interest since it had failed to file a financing statement in Nevada. Subordinately, the district court concluded that Walker Bank was without standing to assert its claim to the money since, as the assignee of Lady Fair, it was saddled with the incapacity of Lady Fair arising out of the fact that it was not qualified to do business in Nevada nor licensed as a contractor to operate in this State. Finally, that court concluded that all monies received by Lady Fair from the project in Clark County were received by it as agent for Panda Development Co. for the purpose of paying all claims for labor and material supplied with the result that Lady Fair had not earned such money until labor and material claims first were paid. Consequently, Walker Bank as the assignee of Lady Fair was not entitled to the money until labor and material claims were discharged. We turn to consider these several problems.

1.  The Security Interest of Walker Bank. Utah and Nevada each has adopted the Uniform Commercial Code. The relevant provisions of Article 9 thereof concerning secured transactions are the same in each state. Utah Code Annot. § 70A–9–101 et seq.; NRS 104.9101 et seq. The financing statement filed by Walker Bank specifically granted the Bank coverage over accounts receivable. Such a statement properly filed and which describes the collateral as "accounts receivable," adequately describes the debtor's contracts and accounts for the purpose of perfecting a security interest therein. In re Varney Wood Products, Inc., 458 F.2d 435 (4 Cir. 1972); Bramble Transportation, Inc. v. Sam Senter Sales, 294 A.2d

104 (Del. 1972); Industrial Packaging Prod. Co. v. Fort Pitt Pack. Int., 161 A.2d 19 (Pa. 1960). The statement was properly filed with the Office of the Secretary of State of Utah [Utah Code Annot. 70A–9–401(1)(b); NRS 104.9401(1)(c)] since that is the state where Lady Fair, the assignor of accounts and contract rights, kept its records. Utah Code Annot. 70A–9–103; NRS 104.9103.[1] The official comment to that section of the Code is ". . . . So far as validity, perfection and filing are concerned, the subsections state the rule that the applicable law, if it is not the law of this state, will be that of the jurisdiction where the assignor keeps his records of accounts or contract rights. . . . If the jurisdiction whose law is applicable has enacted this Article or comparable legislation, filing, for example, in that jurisdiction will be recognized in this state as perfecting the security interest here." Uniform Commercial Code sec. 9–103, Comment 6. We conclude that Walker Bank perfected its security interest in the manner contemplated by the Code and did not thereafter lose it. The district court erred when it found controlling, the provisions of the Code designating how one perfects a security interest in "goods" which are to become fixtures. Utah Code Annot. 70A–9–401; NRS 104.9401(1)(b). The security interest of Walker Bank was not confined to the kitchen cabinets which became fixtures, but embraced the proceeds of inventory and accounts receivable. Matthews v. Arctic Tire, Inc., 262 A.2d 831 (R.I. 1970); Farnum v. C. J. Merrill, Inc., 264 A.2d 150 (Me. 1970).

Continental Kitchens and Smith Construction are lien creditors under the Code since each acquired a lien on the property involved by attachment. NRS 104.9301(3). We are not here concerned with mechanic's or materialmen's liens since neither Continental Kitchens nor Smith Construction attempted to perfect such a lien. Although a lien creditor may take priority over an unperfected security interest in certain situations, NRS 104.9301(1)(b), it is clear that a security interest which is perfected before one becomes a lien creditor enjoys a preferred position. General Motors Acceptance Corp. v. Stotsky,

---

[1]"If the office where the assignor of accounts or contract rights keeps his records concerning them is in this State, the validity and perfection of a security interest therein and the possibility and effect of proper filing is governed by this article; otherwise by the law (including the conflict of law rules) of the jurisdiction where such office is located." Utah Code Annot. 70A–9–103; NRS 104.9103.

303 N.Y.S.2d 463 (Sup.Ct.N.Y. 1969). The attachment creditor reached only the interest which the debtor had at the time of attachment. The debtor's assignment of his interest before attachment gave the assignee a prior right if the assignment was perfected. Bramble Transportation, Inc. v. Sam Senter Sales, 294 A.2d 104 (Del. 1972). Since Walker Bank perfected its security interest in the proper manner long before Continental Kitchens and Smith Construction attached the fund, the Bank must prevail.

2. Lady Fair did not qualify to do business as a foreign corporation in this State. Although statute [NRS 80.210] declares that such a corporation "shall not be allowed to commence, maintain or defend any action," it is established law that a plaintiff waives its right to question capacity to defend when it brings suit against such a corporation and compels it to appear and answer. Scott v. Day-Bristol M. Co., 37 Nev. 299, 303, 142 P. 625 (1914). Consequently, Lady Fair could assert its defenses and claims, and Walker Bank, as its assignee, may do the same. The failure of Lady Fair to qualify is irrelevant to the disposition of this case.

Equally irrelevant is the circumstance that Lady Fair did not obtain a contractor's license. NRS 624.320 provides that one engaged in the business of acting in the capacity of a contractor must allege and prove that he was duly licensed if he maintains an action in the courts of this State. This statute, however, may not be construed to mean that an unlicensed contractor may not defend an action brought against him. Milum v. Herz Brothers, 74 Nev. 309, 312, 329 P.2d 1068 (1958). Consequently, Lady Fair, although unlicensed, may defend, and Walker Bank, as its assignee, may assert its claims.

3. NRS 205.310 declares that one who has contracted to supply labor or materials and who receives payment therefor, is deemed to receive such payment "as the agent of the party with whom such contract was made . . . for the purpose of paying all claims for labor and materials supplied, insofar as the money so received will pay such claims." Relying upon that statute, Continental Kitchens and Smith Construction each contend that the money in possession of North American Escrow for Lady Fair, if delivered to Lady Fair or its assignee, Walker Bank, would be held in trust as agent for Panda Development Co. for the express purpose of first paying the labor and material claims of Smith Construction and Continental Kitchens.

The mentioned statute is part of Chapter 205, "crimes against property," and particularly concerns the crime of embezzlement. It does not purport to create a civil liability. Zalk-Josephs v. Wells Cargo, 77 Nev. 441, 445, 446, 366 P.2d 339 (1961). Since the statute does not create a civil liability it is immaterial whether suit is commenced against the general contractor as in Zalk-Josephs v. Wells Cargo, supra, or against the subcontractor as in the instant matter. Labor and material suppliers and inventory financers are accorded protection by other statutes dealing specifically with civil remedies. For example, Continental Kitchens could have perfected a purchase money security interest as authorized by the Uniform Commercial Code but failed to do so.

For the reasons expressed we conclude that the judgment below denying the third party claim of Walker Bank must be and is reversed.

ZENOFF, C. J., and BATJER and MOWBRAY, JJ., and GANG, D. J., concur.