732 P.2d 591

**ARIZONA AMMONIA OF TUCSON, INC. and Peter W. Doerken, Defendants in Intervention Appellants/Cross-Appellees,**

v.

**The MISSION BANK, a Kansas corporation, Plaintiff in Intervention Appellee /Cross-Appellant.**

**No. 2 CA–CIV 5751.**

Court of Appeals of Arizona, Division 2, Department B.

Nov. 18, 1986.

Osmond Burton, Jr., P.C. by Osmond Burton, Jr., Tucson, for defendant in intervention appellant/cross-appellee Arizona Ammonia.

Ronald W. Sommer, Tucson, for defendant in intervention appellant/cross-appellee Peter W. Doerken.

Lewis & Roca by Susan M. Freeman, and Patricia Norris Halstead, Phoenix, for plaintiff in intervention appellee/cross-appellant.

LACAGNINA, Judge.

Arizona Ammonia of Tucson, Inc. and Peter W. Doerken appeal from an adverse judgment in favor of Mission Bank, an intervenor in consolidated actions between Arizona Ammonia and Doerken against Summit Enterprises and garnishment proceedings brought by Arizona Ammonia and Doerken against Producers Cotton Oil Company, following cross-motions for summary judgment. The trial court ruled that Mission was entitled to money owed by Producers to Summit because Mission held a prior perfected security interest which predated judgments in favor of Arizona Ammonia and Doerken against Summit upon which their writs of garnishment were issued. Mission cross-appeals the denial of its request for attorney's fees brought pursuant to A.R.S. § 12–341.01(A).

Arizona Ammonia and Doerken argue that they were entitled to summary judgment because: 1) Doerken held a landlord's lien which was superior to Mission Bank's security interest; 2) Mission Bank's security interest was not properly perfected because its financing statement and security agreement did not describe the realty upon which crops were grown; 3) the financing statement was not filed in Pima County, and 4) the description of the collateral in the security agreement was insufficient. We disagree with these arguments and affirm the judgment of the trial court. Mission Bank's security interest was perfected before the rights of Arizona Ammonia and Doerken as judgment creditors came into existence. We reverse and remand on Mission's issue concerning the denial of attorney's fees for further determination by the trial court.

## LANDLORD'S LIEN

█ Doerken did not raise the issue of a landlord's lien in the trial court, and therefore cannot raise this issue for the first time on appeal. *SAHF v. Lake Havasu City Ass'n for Retarded*, 150 Ariz. 50, 721 P.2d 1177 (App.1986); *Yano v. Yano*, 144 Ariz. 382, 697 P.2d 1132 (App.1985); *Brown Wholesale Electric Co. v. Safeco Insurance Co. of America*, 135 Ariz. 154, 659 P.2d 1299 (App.1982).

## SECURITY AGREEMENT

█ On June 1, 1982, Summit executed a promissory note, disclosure statement and security agreement which gave Mission a security interest in *all present and future accounts receivable* in exchange for its loan of $300,000 to Summit. When collateral for a loan consists of accounts arising from the sale of farm products by a farmer, the proper place to file a financing statement is the office of the county recorder where the debtor resides. A.R.S. § 47–9401(A)(1). The record discloses uncontroverted evidence that summit (the farmer) resided in Maricopa County, and that the financing statement was properly recorded in that county.

Summit conducted all of its Arizona business on a day-to-day business at two locations in Scottsdale, Arizona. At these locations, it maintained all of its business records, payroll and employee records, financial records, received all correspondence and other communications and all shipments of equipment. It registered all motor vehicles and paid all Arizona personal property taxes in Maricopa County. Maricopa County is its "place of business," and therefore its "residence" within the meaning of A.R.S. § 47–9401(A)(1). A.R.S. §§ 47–9103(C)(4) and 47–9401(E).

█ Arizona Ammonia and Summit argue that the "accounts receivable" given by Summit as collateral for a $300,000 loan

should be considered as "crops" and "goods," thereby requiring Mission to file its financing statement and security agreement in Pima County, where the crops were grown and the goods kept. This argument ignores the plain definition of those terms set out by the Uniform Commercial Code as adopted by the Arizona Legislature. "Account" is defined by A.R.S. § 47–9106, but "goods" are defined by A.R.S. § 47–9109 and include "crops." A.R.S. § 47–9109(3). "Accounts" are excluded from the definition of "goods" under A.R.S. § 47–9105(A)(10), but "growing crops" are included as "goods." A financing statement and security agreement describing collateral as "accounts receivable" has been held to be enforceable, *Walker Bank v. Smith*, 88 Nev. 502, 501 P.2d 639 (1972), and the rights to the money owed by Producers to Summit attached as soon as the account was created. *Valley National Bank of Arizona v. Flagstaff Dairy*, 116 Ariz. 513, 570 P.2d 200 (App. 1977).

 Since Mission held a perfected security interest on Summit's accounts receivable prior to the judgments and writs of garnishment, the money owed by Producers to Summit was properly awarded to Mission by the trial court, and it properly quashed the writs of garnishment. *See* A.R.S. § 47–9301; *Barocas v. Bohemia Import Co.*, 33 Colo.App. 263, 518 P.2d 850 (1974); *Walker Bank and Trust Co. v. Smith, supra; Shaw, Mudge and Co. v. Sher-Mart Mfg. Co.*, 132 N.J.Super. 517, 334 A.2d 357 (1975).

### ATTORNEY'S FEES

The trial court declined to award Mission its attorney's fees pursuant to A.R.S. § 12–341.01(A) because the trial court determined that the dispute between the parties did not arise out of contract. The Arizona Supreme Court has directed courts in Arizona to interpret broadly the types of transactions included within the "arising out of" clause of A.R.S. § 12–341.01(A). *Marcus v. Fox*, 150 Ariz. 333, 723 P.2d 682 (1986). The claims of all parties

in this case arise out of the rights, obligations, validity, enforceability and priority of rights arising out of contract. *United Bank of Arizona v. Sun Valley Door & Supply, Inc.*, 149 Ariz. 64, 716 P.2d 433 (App.1986); *First National Bank of Arizona v. Continental Bank*, 138 Ariz. 194, 673 P.2d 938 (App.1983). We remand the issue of attorney's fees to the trial court for further determination since the record indicates the only reason for its denial of attorney's fees was the court's view that A.R.S. § 12–341.01(A) was inapplicable.

Affirmed in part, reversed in part and remanded.

LIVERMORE, P.J., and BIRDSALL, J., concur.