NOTICE: NOT FOR OFFICIAL PUBLICATION.
UNDER ARIZONA RULE OF THE SUPREME COURT 111(c), THIS DECISION IS NOT PRECEDENTIAL
AND MAY BE CITED ONLY AS AUTHORIZED BY RULE.

IN THE

# ARIZONA COURT OF APPEALS
### DIVISION ONE

THOMAS A. D. WHEELER, *Plaintiff/Appellant,*

*v.*

DEUTSCHE BANK NATIONAL TRUST COMPANY, *Defendant/Appellee.*

No. 1 CA-CV 18-0693
FILED 9-17-2019

Appeal from the Superior Court in Maricopa County
No. CV2016-097052
The Honorable Janice K. Crawford, Judge

**AFFIRMED**

COUNSEL

Thomas A. D. Wheeler, Mesa
*Plaintiff/Appellant*

Gust Rosenfeld PLC, Phoenix
By Scott A. Malm, Mina O'Boyle, Charles W. Wirken
*Counsel for Defendant/Appellee*

---

**MEMORANDUM DECISION**

Judge Kenton D. Jones delivered the decision of the Court, in which Presiding Judge Maria Elena Cruz and Vice Chief Judge Kent E. Cattani joined.

---

**J O N E S**, Judge:

**¶1**　　　　Thomas Wheeler appeals the decision of the superior court granting summary judgment in favor of Deutsche Bank National Trust Company.[1]  For the following reasons, we affirm.

**FACTS AND PROCEDURAL HISTORY**

**¶2**　　　　In June 2000, Wheeler entered into a written contract with John Chubbuck to purchase real property in Mesa (the Property).  Neither the contract, nor any other document transferring ownership or otherwise memorializing the sale, was recorded.  Six years later, Chubbuck borrowed $81,000 from the Bank and secured the loan through a deed of trust executed in favor of the Bank, identifying the Property as collateral, and duly recorded.

**¶3**　　　　In 2014, Wheeler filed a complaint against Chubbuck seeking declaratory relief, quiet title to the Property, and an accounting of his performance under the contract.[2]  After the September 2016 trial, the trial court found Wheeler failed to prove he had any ownership interest in the Property and dismissed the matter with prejudice.

**¶4**　　　　Shortly thereafter, Wheeler filed a complaint against the Bank, again seeking quiet title of the Property.  In 2018, the trial court entered summary judgment for the Bank and awarded the Bank its

---

[1]　　　　Within this decision, we refer to both Deutsche Bank National Trust Company, and its predecessor-in-interest, Downey Savings and Loan, as "the Bank."

[2]　　　　In 2015, after the Bank initiated foreclosure proceedings, Chubbuck presented a quit claim deed to the Property to Wheeler, which was recorded in October.

attorneys' fees and costs. Wheeler timely appealed, and we have jurisdiction pursuant to Arizona Revised Statutes (A.R.S.) §§ 12-120.21(A)(1)[3] and -2101(A)(1).

## DISCUSSION

### I. Summary Judgment

¶5 Wheeler argues the trial court erred in granting summary judgment for the Bank. We review a grant of summary judgment *de novo* and will affirm if, after viewing the evidence and all reasonable inferences in the light most favorable to the party against whom judgment was entered, "there is no genuine dispute as to any material fact and the moving party is entitled to judgment as a matter of law." Ariz. R. Civ. P. 56(a); *Tarron v. Bowen Mach. & Fabricating, Inc.*, 225 Ariz. 147, 151, ¶ 16 (2010). Although the court indicated in its minute entry order that it was applying the doctrine of judicial estoppel,[4] its reasoning suggests it found Wheeler was *collaterally* estopped from making a claim of quiet title against the Bank. We may affirm the judgment on any basis supported by the record. *Leflet v. Redwood Fire & Cas. Ins.*, 226 Ariz. 297, 300, ¶ 12 (App. 2011) (citing *Solimeno v. Yonan*, 224 Ariz. 74, 82 (App. 2010)).

¶6 Collateral estoppel applies when:

> the issue or fact to be litigated was actually litigated in a previous suit, a final judgment was entered, and the party against whom the doctrine is to be invoked had a full opportunity to litigate the matter and actually did litigate it, provided such issue or fact was essential to the prior judgment.

*Bridgestone/Firestone N. Am. Tire, L.L.C. v. Naranjo*, 206 Ariz. 447, 452 ¶ 19 (App. 2003) (quoting *FDIC v. Adams*, 187 Ariz. 585, 593 (App. 1996), and

---

[3] Absent material changes from the relevant date, we cite the current version of rules and statutes.

[4] Judicial estoppel prevents a party from presenting an inconsistent position in subsequent litigation if the parties are the same, the question involved is the same, and the party asserting the inconsistent position was successful in the prior proceeding. *State v. Towery*, 186 Ariz. 168, 182 (1996) (citing *Standage Ventures, Inc. v. State*, 114 Ariz. 480, 483-84 (1977)). Because Wheeler was not successful in asserting *any* position in the prior proceeding, we agree judicial estoppel does not apply.

citing Restatement (Second) of Judgments § 27 (1982)). "When those elements are present, Arizona permits a new defendant in a subsequent case to use the doctrine defensively to preclude relitigation of an issue." *Id.* (citing *Standage*, 114 Ariz. at 484, and *Campbell v. SZL Props., Ltd.*, 204 Ariz. 221, 223, ¶ 10 (App. 2003)).

**¶7**　　　The record here indeed indicates Wheeler fully litigated title of the Property in his suit against Chubbuck, and a final judgment was entered indicating Wheeler had no ownership interest in the Property. Contrary to Wheeler's claims otherwise, the court in that case specifically found Wheeler had not "presented persuasive evidence" to support his claim to quiet title such that he was "not entitled to any relief under his Complaint" before dismissing the matter with prejudice. Thus, the court considered and rejected the merits of Wheeler's claim to title. And because Wheeler had no interest in the Property then, much less a recorded interest, he cannot claim an interest now, particularly where the Bank had secured and recorded a deed of trust on the Property nearly a decade earlier.

**¶8**　　　The doctrine of collateral estoppel supports the trial court's entry of judgment against Wheeler. Accordingly, we find no error.

## II.　　Attorneys' Fees

**¶9**　　　Wheeler also argues the trial court erred in awarding the Bank its attorneys' fees under A.R.S. § 12-341.01(A) (authorizing an award of fees to the prevailing party "[i]n any contested matter arising out of a contract"), because he and the Bank were not parties to the same contract with Chubbuck. The application of A.R.S. § 12-341.01(A) is a question of statutory interpretation that we review *de novo*. *Chaurasia v. Gen. Motors Corp.*, 212 Ariz. 18, 26, ¶ 24 (App. 2006) (citing *Hampton v. Glendale Union High Sch. Dist.*, 172 Ariz. 431, 433 (App. 1992)).

**¶10**　　　This Court has previously held that an award of attorneys' fees is permissible under A.R.S. § 12-341.01(A) "in a contest between competing security interests in the same collateral." *Wollenberg v. Phx. Leasing Inc.*, 182 Ariz. 4, 11 (App. 1994) (citing *Ariz. Farmers Prod. Credit Ass'n v. Northside Hay Mill & Trading Co.*, 153 Ariz. 333, 336 (App. 1987), and *Ariz. Ammonia of Tucson, Inc. v. Mission Bank*, 152 Ariz. 361, 364 (App. 1986)). Because this is a contest between competing security interests in the same

collateral, attorneys' fees were permissible. *Id.* We therefore affirm the award of fees to the Bank.[5]

**CONCLUSION**

**¶11**     The trial court's orders are affirmed.

**¶12**     The Bank requests an award of attorneys' fees incurred on appeal pursuant to A.R.S. § 12-341.01. In our discretion, we decline this request. However, as the prevailing party, the Bank is awarded its costs incurred on appeal upon compliance with ARCAP 21(b). *See* A.R.S. § 12-341.



AMY M. WOOD • Clerk of the Court
FILED: AA

---

[5]     Wheeler also argues the trial court erred in awarding fees under A.R.S. § 33-806. Because the record reflects fees were awarded only under A.R.S. § 12-341.01, and properly so, we do not address that argument.