**Irene YORK, Plaintiff,**

v.

**John J. OTTUSCH, Trustee for Sound World, Inc., Defendant,**

v.

**Merle A. GOTTLIEB et al., Third-Party Defendants.**

**Civ. A. No. 72–C–350.**

United States District Court, W. D. Wisconsin.

May 24, 1976.

John P. Hoffmann, Madison, Wis., for plaintiff.

John T. Ottusch, Milwaukee, Wis., Trustee for Sound World, Inc., Bankrupt.

Kevin E. O'Neill, Milwaukee, Wis., for third-party defendant Gottlieb.

## OPINION AND ORDER

REYNOLDS, Chief Judge.

This action involves competing claims to funds originally seized by the federal government from defendant Sound World, Inc., when plans for a rock concert Sound World, Inc., was promoting went awry. Defendant John J. Ottusch, trustee in bankruptcy for Sound World, Inc., was substituted as a party defendant for Sound World, Inc., by order of the court on September 22, 1975. Other parties to the action originally included the United States as a defendant and third-party plaintiff, as well as Merle A. Gottlieb, T.N.T. Advertising, Inc., and Ed-Cur Productions as third-party defendants.

The facts leading up to this action may be briefly outlined. Irene York, the plaintiff leased 360 acres of her farm in Columbia County, Wisconsin, to Sound World, Inc., among others, to hold a Rock Music Festival on September 8 thru September 11, 1972. The written lease specified a rental payment of $10,000 and further provided that the plaintiff was to receive payments of any deficiencies or unpaid rent from the gate receipts of the Rock Festival. To guard against a possible tax deficiency, employees and agents of the Internal Revenue Service seized all funds collected by Sound World, Inc., at the admission gate to the Rock Festival, as well as at other ticket sales outlets throughout the midwest. [Ultimately the Government paid the money collected, some $6,367.40, into the registry of the court and was dismissed from the case.] Plaintiff, in commencing this action, has taken the position that she is entitled to the monies presently held by the court by virtue of her written lease agreement with Sound World, Inc. On June 18, 1973, plaintiff obtained a state court judgment for

rent and damages against Sound World, Inc., and others in the amount of $11,412.50.

The other parties in this action have filed a claim with the Internal Revenue Service, asserting an interest in the funds confiscated and paid into the court. These parties, as well as the plaintiff, were interpleaded by the Government in its answer to the complaint with the prayer that they appear and settle their rights with respect to the funds in question. Neither T.N.T. Advertising, Inc., nor Ed-Cur Productions have ever appeared in this action. Merle A. Gottlieb has appeared and asserted an interest in the contested funds based on a state court judgment obtained against Sound World, Inc., on April 30, 1974, in the amount of $12,675 which Gottlieb argues was secured by proceeds from ticket sales. On August 29, 1974, Sound World, Inc., filed a voluntary petition in bankruptcy in the United States District Court for the Eastern District of Wisconsin, and John Ottusch was appointed trustee of the estate of the bankrupt.

Currently before the court is the motion of the trustee to have the disputed funds paid over to him. York and Gottlieb oppose the motion, arguing that they are entitled to the funds which should be divided between themselves.

For the reasons given below, the trustee's motion must be granted, and the funds currently held by the court are ordered to be paid over to him.

Succinctly stated, it is the position of the trustee that no papers or proceedings in this matter, including contract agreements and state court judgments, operated to give York or Gottlieb a priority interest in the disputed funds before the bankruptcy petition was filed. Once the petition was filed, the trustee argues he was entitled to the funds since he was vested with the title of the bankrupt to these funds by virtue of Section 70a of the Bankruptcy Act, 11 U.S.C. § 110(a), and with the rights of a lien creditor as to all property of the bankrupt, including the funds here under dispute according to Section 70c of the Act, 11 U.S.C. § 110(c).

Plaintiff York takes the position that she is entitled to the money by virtue of the lease agreement between Sound World, Inc., and herself. York maintains that since the lease gave her the right to payment of rent from the gate receipts, the funds collected never belonged to Sound World, Inc., but instead belonged to her from the moment they were collected.

This last argument does not withstand scrutiny of the lease agreement which requires that all of the $10,000 in rent be paid before the concert. The lease agreement did include the following provision to insure the payment of, *inter alia*, deficiencies or failure to pay rent:

" . . . it is further agreed by Lessee as follows:

"(1) Five Thousand ($5,000.00) Dollars in cash or via certified check shall be paid to the Escrow Agent hereinafter named not less than seven (7) days prior to the commencement of the said lease term, said sum to be held in escrow pursuant to the terms hereof, and *from the first gate receipts and revenues received at the commencement of the lease period (whether ticket sales or other), an additional sum in the amount of Ten Thousand ($10,000.00) Dollars shall be paid to and held in escrow by [Mrs. York's attorney]* * * *." (Emphasis added.)

At most, the instrument sets forth a promise to pay and a description of the source of the funds for payment. There is nothing which grants title in the funds to plaintiff York or creates a lien interest in her. It is apparent from the complaint in this action and in the state court action that Mrs. York's claim is grounded *solely* upon an alleged breach of contract arising from a failure to pay rent or make the required deposit with the escrow agent. As such, she must join all other unsecured creditors in asserting her claim against the estate of the bankrupt. The trustee's right, both under §§ 70a and 70c of the Bankruptcy Act, defeats Mrs. York's claim in these circumstances. See 9 Am.Jur.2d, Bankruptcy, § 857 at 639–40.

■ Plaintiff York makes the further argument that a lien interest in these funds was perfected within the meaning of the Uniform Commercial Code, Wis.Stats., Chap. 401.101, et seq., when the present action was commenced and a state court judgment in her favor was entered. Both of these events preceded the filing of the petition in bankruptcy. In support of her position, the plaintiff invokes the Wisconsin attachment and garnishment statutes, Wis. Stats., Chaps. 266 and 267, respectively, and Rule 64, F.R.Civ.P. As the Court understands it, Mrs. York analogizes her commencement of this suit to an attachment or garnishment which could not be accomplished directly due to the seizure of funds by the Internal Revenue Service.

The Court is unpersuaded by this line of argument. Beyond the obvious conceptual problems of equating the commencement of an action for breach of contract with a garnishment or attachment, see Wis.Stats., Chaps. 267.01(2a), 266.03, no judgment has been entered in favor of Mrs. York *with respect to the funds currently under dispute* that would give her interest priority over the trustee. In the state court action, as well as the case at bar, the complaint stated a cause of action for a simple breach of contract. Thus, the Court can ascertain no perfected or unperfected interest that the plaintiff has in these particular funds. Mrs. York is an unsecured judgment creditor of the bankrupt with respect to these funds and cannot prevail over the trustee.

■ Merle Gottlieb, the other party competing for the funds, made a loan to Sound World, Inc., just prior to the scheduled opening of the rock concert. To guarantee the loan, Sound World's officers executed a trust receipt and an assignment of ticket proceeds, each in the amount of $11,250, on September 1, 1972. Gottlieb alleges that the seizure of funds by the Internal Revenue Service prevented him from executing on the trust receipt and assignment. On April 30, 1974, he obtained a state court judgment of $12,675 in an effort to collect the loan. Gottlieb takes the position that the trust receipt and assignment did not create a perfected security interest within the terms of the Uniform Commercial Code but were designed for the sole purpose of effecting collection of the debt. Therefore, he argues, he must prevail over the interest of the trustee. For the reasons given below, the Court rejects this position. Mr. Gottlieb has also raised numerous other arguments. By not addressing each particular point below, the Court holds by implication that they are without merit.

Chapter 409.102 of the Wisconsin Statutes pulls within its sweep this transaction, since it provides, in relevant part:

"*Policy and subject matter of chapter.*

"(1) Except as otherwise provided in s. 409.104 on excluded transactions, this chapter applies:

"(a) To any transaction (regardless of its form) which is intended to create a security interest in personal property or fixtures including goods, documents, instruments, general intangibles, chattel paper or accounts.

\*     \*     \*     \*     \*     \*

"(2) This chapter applies to security interests created by contract including \* \* \* *assignment* \* \* \* *trust receipt,* other lien or title retention contract \* \* \* . \* \* \*" (Emphasis added.)

According to the affidavit filed by Gottlieb's counsel, at paragraph 5: "To guarantee Mr. Gottlieb's loan, Sound World, Inc., signed an assignment and a Trust Receipt." It thus appears undisputed that the intent was to create a security interest in personal property within the meaning of the Wisconsin Statutes. It is also undisputed that Gottlieb has never made a filing in accordance with the Wisconsin Statutes, Chap. 409.401, to perfect any security interest or lien interest in the disputed funds.

Gottlieb cannot avoid the Uniform Commercial Code requirements by arguing, under § 409.104(6), Wis.Stats., that this is an "assignment \* \* \* for the purpose of collection only." As the trustee points out in his brief, Gottlieb does not run a collection agency but was rather seeking to secure his loan to Sound World, Inc. These

circumstances also plainly make the "pre-existing indebtedness" exception which Gottlieb urges inapplicable. The trust receipt and assignment were undoubtedly executed to secure the loan simultaneously advanced to Sound World, Inc.

■ Mr. Gottlieb's final contention is that even if this Court determines that Sound World, Inc., is entitled to disputed funds, Gottlieb's security interest attaches to the funds instantly. The argument runs that even the unperfected security interest has priority over the trustee's claims "because it must be assumed that all Sound World, Inc.'s creditors now have knowledge of Mr. Gottlieb's security interest," (Gottlieb's brief, p. 5). But the law does not permit the Court to indulge in assumptions to reach this result. Actual knowledge on the part of all creditors at the time of the filing of the bankruptcy petition must be proved to rebut the presumption that no such knowledge existed. See 9 Am.Jur.2d, Bankruptcy, § 1008, at 756–57. Mr. Gottlieb has not even attempted to sustain this burden. Thus, it must be concluded that Gottlieb's claim to the money is based upon an unperfected security interest which cannot prevail over the status accorded to the trustee by §§ 70a and 70c of the Bankruptcy Act, 11 U.S.C. § 110(a), (c).

IT IS THEREFORE ORDERED that the motion of the trustee to have the money in the court's registry paid over to him must be granted.

IT IS FURTHER ORDERED that the Clerk of Court is hereby directed to distribute the $6,367.40 to John Ottusch as trustee in bankruptcy for Sound World, Inc.